**Hai A. MOHAMMED, Plaintiff,**

*v.*

**CHEVRON U.S.A. INC., Defendant.**

**No. 89-1254-CIV-T-17(B).**

United States District Court,
M.D. Florida,
Tampa Division.

June 11, 1990.

Zohair M. Ghadiali, St. Petersburg, Fla., for plaintiff.

Karl J. Brandes, Holland & Knight, Tampa, Fla., for defendant.

## ORDER REGARDING REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

This cause is before the Court on a report and recommendation issued by Magistrate Thomas G. Wilson, on December 5, 1989. The Court, specifically referred the motion for preliminary injunction to the assigned magistrate. The Magistrate recommended the motion be denied.

### FACTS

On December 5, 1989, Magistrate Wilson issued a report and recommendation which recommended that this Court deny preliminary injunction to Mohammed. From 1986 to 1989, Mohammed was the lessee of a gas station from Chevron (three year lease). In 1989, Chevron decided not to renew Mohammed's lease and thus, pursuant to the Petroleum Marketing Practices Act (hereinafter PMPA), 15 U.S.C. §§ 2801 et seq., Chevron was required to offer Mohammed the right to purchase the property for a "bona fide offer". Chevron offered Mohammed the property for $750,000.00. Mohammed did not purchase the property within the time offered by Chevron, and now claims the $750,000.00 was not a "bona fide offer". Mohammed contends that Chevron's offer does not reflect the

fair market value of the land when utilized, as it is presently, as a service station.

Pursuant to 15 U.S.C. § 2805(b)(2) Mohammed seeks this Court to issue a Preliminary Injunction prohibiting Chevron from terminating the lease agreement. Under the PMPA, 15 U.S.C. § 2805(b)(2), a preliminary injunction is appropriate when:

(1) the franchise has been terminated or not renewed,

(2) **"there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation", and**

(3) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

Of these three elements for preliminary injunction, both parties agree that elements one and three are present; however, **the second element is disputed.** The law is clear that the burden of proof on the second element is merely the showing of a **reasonable** opportunity for success at trial, which is a fairly low standard. *Saad v. Shell Oil Company*, 460 F.Supp. 114, 117 (E.D.Mich.1978).

At the preliminary injunction hearing before Magistrate Wilson, Defendant Chevron presented two appraisals while Plaintiff Mohammed presented none. Plaintiff requested additional time to have an appraisal prepared; however, Magistrate Wilson denied the request. Defendant's appraisals evaluated the property at $725,000.00 and $780,000.00. Defendant stated that the offer of $750,000.00 reflected an approximate average of these two appraisals. Plaintiff offered no evidence that the appraisals did not reflect the fair market value of the property. However, Plaintiff stated that in his opinion $750,000.00 did not reflect the value of the property if utilized as a service station.

Consequently, Magistrate Wilson determined that Defendant's offer to sell the property was "bona fide", and thus Plain-

tiff did not show "a **reasonable** opportunity for success at trial". His report, which was issued on December 5, 1989, recommended denying the motion for preliminary injunction. Plaintiff filed a objection to the report and recommendation issued by the Magistrate. Ten days subsequent to Magistrate Wilson issuing his report, Plaintiff also submitted an appraisal which evaluates the property value at $600,000.00.

## STANDARDS OF REVIEW

This Court, pursuant to Rule 4.06(b)(2), Rules of the United States District Court for the Middle District of Florida, requires "service of all papers and affidavits upon which the moving party intends to rely must be made at least five (5) full days prior" to an hearing on a motion for preliminary injunction.

■ Additionally, pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (en banc). After objection, the findings of the Magistrate are entitled to be adopted unless they are found to be clearly erroneous.

This cause of action is based on Defendant's failure to renew the franchise of Plaintiff pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801, *et seq.* (the PMPA). Accordingly, this motion for preliminary injunction is governed by 15 U.S.C. § 2805(b)(2), which provides that the Court must grant a preliminary injunction if: 1) the franchise has been terminated or has not been renewed; **2) "there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation";** and 3) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

## DISCUSSION

No party disputes the Magistrate's finding that the dispute in this action centers on the second element of the test for preliminary injunction as defined by 15 U.S.C. § 2805(b)(2). Plaintiff and Defendant's relationship satisfies the first and third elements of this test. Under the PMPA, to receive a preliminary injunction, Plaintiff need only show some reasonable chance of success in litigation. The following facts and conclusions of law were promulgated by the Magistrate in his report and recommendation, and are specifically adopted by this Court:

■ 1. The right of a petroleum franchisor to terminate or refuse to renew a franchise agreement is regulated and restricted by the PMPA. Termination or non-renewal may take place only for the specific reasons, as set forth in 15 U.S.C. § 2802, and then only in compliance with the strict notice requirements for 15 U.S.C. § 2804.

2. Plaintiff's contention is basically that Defendant's offer to sell the property to Plaintiff for $750,000.00 was not "bona fide" as required by the Act. This Court concurs with Magistrate Wilson that Plaintiff, at the December 5th hearing, did not even show a reasonable chance for success at trial.

3. At the December 5th hearing, Defendant presented two appraisals to the Magistrate. These appraisals evaluated the property's value at $725,000.00 and $780,-000.00. Both reports suggested that Defendant was appropriate in offering the property to Plaintiff for $750,000.00. Plaintiff, who had several months prior to the hearing to seek his own appraisal, did not provide any appraisals to the court. Instead, Plaintiff merely suggested that Defendant's appraisals were improper because they valued the property at its best use, as an office complex, and not as presently utilized as a service station. Additionally, Plaintiff requested the hearing be adjourned and rescheduled so Plaintiff could now seek an evaluation of the proper-

ty from Plaintiff's appraiser. This Court is confident that the Magistrate properly rejected both Plaintiff's requests: for additional time, and, for preliminary injunction.

 First this Court will address Plaintiff's request for additional time. As the Magistrate properly noted, Plaintiff was well aware of this hearing for several months. Further, the law is clear, and Plaintiff should have been apprised that, when seeking this preliminary injunction, he would have the burden of proving a reasonable opportunity for success at trial. Plaintiff offered no such proof. Plaintiff has no reasonable excuse for not having an appraisal prepared prior to his hearing before Magistrate Wilson. Thus, the Magistrate appropriately refused Plaintiff's request for additional time.

Subsequently, Plaintiff filed an appraisal with this Court on December 5, 1989, five days after Magistrate Wilson issued his report and recommendation on this matter. Plaintiff's appraisal estimated the property's value at $600,000.00. Under Rule 4.06(b)(2), Rules of the United States District Court for the Middle District of Florida, Plaintiff had until five (5) days before the Magistrate's hearing to timely file his appraisal with the court and the opposing party. This Court will not consider this untimely report which the Magistrate never had the opportunity to review.

Thus, Plaintiff offered no evidence, other than his own opinion, that Defendant's proposal for sale of the property for $750,000 was not "a bona fide offer" as required by PMPA. Plaintiff had the burden of demonstrating "a reasonable opportunity for success at trial", and he did not establish even this minimal standard. Additionally, even though Defendant had no obligation to submit any evidence, the appraisals Defendant submitted confirm that $750,000.00 is a bona fide offer. The Magistrate's reasoning is sound and, his report and recommendation cannot be said to be clearly erroneous.

The Court has reviewed the report and recommendation as promulgated by the Magistrate. The Court concurs with the recommendation made by the Magistrate. Accordingly, it is

ORDERED that the report and recommendation, dated December 5, 1989, be adopted, and Plaintiff's motion for preliminary injunction be denied.

DONE and ORDERED.