The LARSEN COMPANY, Frio Foods, Inc., and DFC Transportation Company, Plaintiffs,

v.

CONSOLIDATED MARKETING, INC., and Jon H. Winton, Defendants.

Civ. No. 1:92–cv–497–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

April 22, 1993.

Bradley M. Hoyt, Jenkins & Eells, Atlanta, GA, Robert J. Van Der Velde, Martyn & Van Der Velde, Cleveland, OH, for plaintiffs.

John A. Christy, C. Mark MillerSchreeder, Wheeler & Flint, Atlanta, GA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on Plaintiffs' Motion for Relief from Stipulation of Dismissal [11] and Defendants' Motion for Leave to File Supplemental Brief [14]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that both motions should be denied.

## BACKGROUND

Plaintiffs brought this action under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, raising claims related to the purchase and shipment of frozen agricultural products. On August 19, 1992 the Parties in this action entered into a Stipula-

tion of Dismissal [10] under which this action was to be dismissed with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. Plaintiffs subsequently filed a Motion for Relief from Stipulation of Dismissal [11], arguing that the dismissal should be without prejudice. Defendants responded to the motion [12] and Plaintiff filed a reply to Defendants' response [13]. Defendants subsequently moved for leave to file a supplemental brief in response to Plaintiffs' reply.

## DISCUSSION

### A. *Defendants' Motion for Leave to File Supplemental Brief*

The local rules of this Court allow three filings in relation to a given motion—the motion itself, a response, and a reply. N.D.Ga. R. 220–1(b). Any further filing requires leave of court. *Id.* Defendants assert that they should be allowed to file a supplemental brief in this instance because Plaintiffs presented new evidence in their reply to which Defendants have not had an opportunity to respond. (Def.s' Br. Requesting Lv. to File Suppl.Br. at 1).

The Court concludes that leave should not be granted in this case, as it appears that the facts and issues are adequately presented. Accordingly, the Court denies Defendants motion for leave to file a supplemental brief.

### B. *Plaintiffs' Motion for Relief from Stipulation of Dismissal*

Plaintiffs moved pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure for relief from the Stipulation of Dismissal with Prejudice, requesting that the Court change the dismissal to one without prejudice. (Pl.'s Mot. for Relief at 1). Rule 60(b)(1) allows a court to relieve a party from a final judgment that was due to "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Plaintiffs assert that the use of the term "with prejudice" was merely an error by their local counsel, and that the parties intended that the dismissal

**666**

be without prejudice.[1] (Pl.'s Mot. for Relief at 1). Thus, Plaintiffs argue, the judgment was due to mistake and inadvertence and constitutes excusable neglect. *Id.*

As the Second Circuit Court of Appeals has observed, "[p]roperly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words it should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly re-opened.'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2nd Cir.1986) (footnotes omitted); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981). Because the rule allows extraordinary judicial relief, it should be invoked only upon a showing of "exceptional circumstances." *Nemaizer*, 793 F.2d at 61. Moreover, "[w]hen the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits ... the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal." *Id.* at 63.

██ In order to obtain Rule 60 relief due to attorney mistake, the movant must show both: (1) that the mistake was excusable, and (2) that the movant "probably would have been successful" on the merits. *Solaroll Shade and Shutter v. Bio–Energy Systems*, 803 F.2d 1130, 1132–33 (11th Cir.1986). In the context of determining whether a mistake is excusable, the Eleventh Circuit Court of Appeals has observed that "attorney negligence or oversight is rarely grounds for relief." *United States v. Real Property & Residence*, 920 F.2d 788, 792 (11th Cir.1991); *see also Solaroll*, 803 F.2d at 1132; *Nemaizer*, 793 F.2d at 62–63. This is particularly true when the moving party delayed in making its motion and was on notice of the mistake from the time of the judgment. *See Real Property & Residence*, 920 F.2d at 792. Additionally, the general rule that "errors in drafting must be construed against the party drafting

the document" applies in the determination of whether Rule 60 relief is available after a voluntary dismissal. *McGregor v. Board of Comm'rs of Palm Beach County*, 956 F.2d 1017, 1022 (11th Cir.1992).

The Eleventh Circuit has observed that, while the withholding of Rule 60 relief for an attorney's inexcusable mistake admittedly appears to penalize innocent clients for their attorney's mistakes, similar results occur in other analogous situations. *Solaroll*, 803 F.2d at 1132. For instance, district courts possess the inherent authority to enter a default judgment against a party for its attorney's dilatory tactics. *Id.* The result in these cases is an inevitable outcome of the rule that "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Nemaizer*, 793 F.2d at 62.

In the present case, the Court concludes that Plaintiffs' attorney's mistake is not excusable. There is no dispute that Plaintiffs' local counsel drafted the stipulation dismissing the case with prejudice. Accordingly, the document must be construed against Plaintiffs. *McGregor*, 956 F.2d at 1022. Also, Plaintiffs admit that they did not discover the mistake for over thirty days, (Br. in Supp. of Mot. for Relief at 7), although they had possession of the stipulation and thus were on notice of the mistake from the time of the judgment. Based on the facts of the case, the Court simply sees no reason for departing from the general rule that attorney negligence is not grounds for relief.

Moreover, even assuming that Plaintiffs had made an adequate showing that their attorney's mistake was excusable, they would still not be entitled to relief. In addition to showing excusable neglect, a party seeking Rule 60(b) relief must also make an "affirmative showing" that its claim is likely to be successful. *Solaroll*, 803 F.2d at 1133.[2] In

---

1. Defendants, however, argue that the fact that the dismissal was to be with prejudice was a bargained-for part of the agreement to dismiss the case. (Def.s' Br. in Opp'n to Mot. for Relief at 3–4).

2. *Solaroll* involved a situation in which a defendant sought to vacate a judgment entered pursuant to a settlement agreement. In such a situation, the court held that Rule 60 required the defendant to demonstrate a defense that probably would have been successful. The present case obviously involves an attempt to open a judgment by a plaintiff rather than a defendant. The Court concludes, however, that the *Solaroll* rationale also requires a plaintiff seeking relief to show

this case, Plaintiffs have made no showing at all that they would likely have succeeded on the merits of their claim. Accordingly, the Court concludes that denial of Plaintiffs' motion for relief is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Relief from Stipulation of Dismissal [11] is **DENIED** and Defendants' Motion for Leave to File a Supplemental Brief [14] is **DENIED.**

SO ORDERED.

that the plaintiff would likely have been successful in its claim.