Richard AKE, Clerk of Circuit Court, Plaintiff,

v.

MINI VACATIONS, INC., a Florida Corporation, Kathryn G. Greenwood; and The United States of America, Defendants.

No. 96–1219–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

June 12, 1997.

Helene Ellen Marks, Tampa, FL, for Plaintiff.

Michael J. McDermott, Michael J. McDermott, P.A., Brandon, FL, Jeffrey L. Hinds, Wilson & Associates, Brandon, FL, for Mini Vacations, Inc.

### *ORDER*

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant United States of America's Motion to Reopen Case (Dkt.24), Defendant Kathryn G. Greenwood's Response (Dkt.25), Defendant Kathryn G. Greenwood's Motion for Relief from Judgment (Dkt.25), and Defendant United States of America's Response (Dkt.27).

---

## BACKGROUND

Plaintiff, Richard Ake, is the Clerk of the Circuit Court for Hillsborough County, Florida. Plaintiff brought this action in the Thirteenth Judicial Circuit, which was later removed to this Court, for interpleader of a sum that exceeds $15,000.00.

Plaintiff alleges the facts as follows. On May 23, 1995, Defendant Mini Vacations ("Mini") obtained a Writ of Garnishment in Case No. 95–3194 in the Thirteenth Judicial Circuit court against the Garnishee. The Garnishee filed a Motion for Order Directing that the Garnishment Proceeds be Deposited in the Registry of the Court, due to the conflicting claims of Mini and the Greenwoods to the sums subject to the Writ of Garnishment. As a result, the Court entered Final Judgment Against Garnishee directing that "all sums heretofore and hereinafter collected by Garnishee ... be deposited in the Registry of the Court of Hillsborough County, Florida" and "[t]hat the aforementioned sums remain in the Court Registry until such time as this Court enters an order apportioning or releasing said sums to the parties hereto."

On March 4, 1996 and April 15, 1996 respectively, the Internal Revenue Service ("IRS") served Notices of Levy on the Clerk regarding amounts due to the IRS from taxpayers Kenneth B. Greenwood and Defendant Kathryn G. Greenwood ("Greenwood"). The IRS then served a Final Demand for Payment on the Clerk seeking payment from the funds held in the Registry of the Court ("the funds").

Mini claimed an interest in the funds by virtue of the Writ of Garnishment and the Final Judgment Against Garnishee. Greenwood claimed an interest in the funds by virtue of the Final Judgment Against Garnishee. The United States of America ("the Government"), via the IRS, demands payment of the funds based on its Notices of Levy. Plaintiff has no interest in the funds and did not cause the conflicting claims between the Defendants.

However, Mini later claimed it had no interest in the interpled funds and withdrew its claim. This left only Greenwood and the Government claiming an interest in the funds. On November 1, 1996, the Government served by mail its First Set of Interrogatories and First Request for Production of Documents on Greenwood. Greenwood failed to timely respond to these requests; therefore, the Government filed a motion to compel responses. Counsel for Greenwood then filed a response stating that he had no contact with his client since October, and requested leave to withdraw as counsel. The Court ordered Greenwood to show cause within ten days as to why her claim should not be dismissed for failure to prosecute. Greenwood did not show cause, but did serve the government with responses to the First Set of Interrogatories; however, Greenwood did not respond to the Production Requests. Therefore, on March 3, 1997, the Clerk of Court dismissed the case for Greenwood's failure to prosecute.

Accordingly, the Government now requests the Court to reopen the case for the limited purpose of entering judgment in favor of the Government based on Greenwood's failure to prosecute and to direct Plaintiff to pay the interpleaded funds held in the Registry. Greenwood has also moved for relief from judgment based on her attorney's alleged negligence.

## DISCUSSION

### Defendant Greenwood's Motion for Relief from Judgment

A review of the record indicates that Plaintiff's Interpleader Complaint was filed on May 23, 1996. Therefore, this case is currently well within the time standards of a track two cases. Consequently, this Court's dismissal of the action is predicated upon Greenwood's apparent failure to prosecute her action by failing to timely respond to the interrogatories, by failing to respond to requests for production of documents in violation of Rule 41(b), and by failing to respond to this Court's Order to Show Cause.

Greenwood claims that dismissal under Rule 41(b) is too harsh a sanction, and that dismissal should be reserved for extreme situations demonstrating a clear record of delay or contumacious conduct. *Robson v. Hallen-*

*beck,* 81 F.3d 1 (1st Cir.1996). The Affidavit filed by Greenwood states that the delay in responding to the government's interrogatories and requests for production of documents was the fault of Greenwood's attorney. Greenwood claims she did not respond to the Order to Show Cause because she was unaware that it had been issued, and believed she was being adequately represented by her attorney. Her Affidavit states she had returned the executed interrogatory answers to her attorney prior to the issuance of the January 27, 1997 Order, and that her attorney could have complied with the Order to Show Cause. Therefore, Greenwood claims that a Judgment of Dismissal is too harsh a sanction to be imposed because she was not personally responsible for her attorney's delays. *See John v. State of Louisiana,* 828 F.2d 1129 (5th Cir.1987).

Greenwood cites *Silas v. Sears, Roebuck & Company, Inc.,* 586 F.2d 382 (5th Cir.1978), as authority to utilize Rule 60(b) to grant relief from judgment in this case. While the Fifth Circuit may have used Rule 60(b) to grant relief from judgment on facts similar to the instant case, there is ample authority within the Eleventh Circuit that does not support such a conclusion.

Since more than ten (10) days have lapsed since the entry of Judgment on March 3, 1997, Greenwood's sole recourse is to seek relief in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits a party to obtain relief from a judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of judgment. Greenwood is requesting relief based on excusable neglect due to her attorney's conduct.

■ Greenwood argues that her attorney was negligent because he failed to appear at the initial trial case management conference, did not advise her or forward to her the government's interrogatories served on November 1, 1996, until early January, 1997,

and failed to respond to the Court's Show Cause Order. The Eleventh Circuit does not generally allow a Rule 60(b)(1) relief for excusable neglect due to an attorney's conduct. In order to obtain a Rule 60(b)(1) relief for excusable neglect due to an attorney's conduct, a party must show (1) excusable neglect, and (2) a meritorious claim or defense. *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Systems, Inc.,* 803 F.2d 1130, 1132–33 (11th Cir.1986); *Larsen Co. v. Consolidated Marketing, Inc.* 148 F.R.D. 664, 666 (N.D.Ga.1993). "Attorney negligence or oversight is rarely grounds for relief" under the Rule 60(b) provision for excusable neglect. *United States v. Real Property and Residence,* 920 F.2d 788, 792 (11th Cir.1991); *Solaroll Shade,* 803 F.2d at 1132 ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect"). This does not actually penalize innocent clients because a person voluntarily chooses his or her attorney as their representative and, therefore, the client cannot avoid the consequences of this choice in the event of acts or omissions by the attorney. *Link v. Wabash Railroad Company,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

Greenwood had a duty to monitor the progress of the case, communicate with her attorney, and to inquire of the Court as to the status of her case in the event she is unable to contact her attorney. Greenwood has offered no evidence of exceptional circumstances. Rule 60(b)(6) permits a judgment to be set aside for "any other reason justifying relief from the operation of judgment," and is invoked only upon a showing of exceptional circumstances or gross negligence. *Solaroll Shade,* 803 F.2d at 1133; *Griffin v. Swim–Tech Corporation,* 722 F.2d 677, 680 (11th Cir.1984).

Furthermore, even if Greenwood's failure to respond was considered by this Court to be excusable neglect, she still must establish she has a meritorious claim. *Solaroll Shade,* 803 F.2d at 1132–1133. Greenwood contends that she has a valid claim to the funds in the court registry. Greenwood must be claiming she does not owe the taxes that were assessed against her and her husband. Given that Greenwood disputes the underlying tax assessment against her, her choice of avail-

able remedies does not include bringing suit against the Government to prevent the collection of her taxes. This is so the IRS may collect taxes as expeditiously as possible. Section 7421(a) of the IRS Code provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person against whom the tax was assessed." 26 U.S.C. Sec. 7421(a). Therefore, Greenwood must pay the full amount of assessment against her, out of the funds in the registry, and then sue for a refund based on erroneous or illegal assessment or collection. 26 U.S.C. Sec. 7422. In sum, Greenwood cannot present her claim via this interpleader action, and thus she has no meritorious claim or defense. Accordingly, even if this Court were to find excusable neglect, this Court would not relieve Greenwood from its order dismissing her claim for failure to prosecute.

### Defendant United States of America's Motion to Reopen Case

Upon consideration of the motion by the Government to reopen this case and enter judgment for Defendant, the United States of America, based on the dismissal of Greenwood's claim for failure to prosecute, the Court finds that entry of order to reopen the case for the limited purpose of entering judgment in favor of the United States of America is appropriate. Since Greenwood failed to prosecute and there are no other claims for the proceeds of the action, then it is appropriate that Plaintiff be directed to pay all interpleaded funds to Defendant, the United States of America. Accordingly, it is

**ORDERED** that Defendant Greenwood's Motion for Relief From Judgment is **DENIED,** Defendant United States of America's Motion to Reopen Case to Enter Judgment in Favor of the United States of America is **GRANTED.** The Clerk of Court shall enter a final judgment in favor of the Defendant, the United States of America, and Plaintiff is ordered to pay all interplead funds to the United States of America, including all accrued interest.