Carol LENDER, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, INC., et al.,
Defendants.

No. 8:06–CV–178–T–17EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 14, 2007.

E.C. Watkins, Jr., Law Office of E. C. Watkins, Jr., Plant City, FL, J. Troy An-

drews, Andrews Law Group, Tampa, FL, for Plaintiff.

Kristina B. Pett, Lonn Weissblum, Pett Furman, PL, Boca Raton, FL, Steven L. Schwarzberg, Schwarzberg Spector Duke Schulz & Rogers West Palm Beach, FL, for Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

ELIZABETH A. KOVACHEVICH, District Judge.

Plaintiff, Carol Lender ("Lender" or "Plaintiff"), filed a Motion for Relief from Judgment/Order (Docket No. 23–1) on April 20, 2007, in which she petitions this Court to vacate the April 21, 2006 Order of Dismissal (Docket No. 21). This Court, under authority of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02 of the Local Rules of the Middle District of Florida, referred the motion to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, by Order dated June 14, 2007 (Docket No. 31).

After considering the Joint Pre–Evidentiary Statement (Docket No. 33) filed on July 9, 2007 and evidence entered at an evidentiary hearing held on July 12, 2007 (Docket No. 34), Judge Jenkins, on July 30, 2007, filed a Report and Recommendation ("R & R") (Docket No. 36) wherein she recommended that this Court grant Plaintiff's Motion for Relief from Judgment/Order (Docket No. 23–1) and reopen the case as to the Defendant Unum Life Insurance Company of America, Inc. ("Unum" or "Defendant"). Judge Jenkins determined that the Plaintiff sufficiently and validly demonstrated exceptional circumstances as required by Rule 60(b)(6), Federal Rules of Civil Procedure, and, therefore, recommended relief from the Order of Dismissal. Neither the Plaintiff

nor the Defendant filed timely and specific objections to the Magistrate Judge's R & R.[1] After reviewing Judge Jenkins' findings, this Court adopts the Magistrate Judge's R & R.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Although this Court adopts the Magistrate Judge's R & R, a summary of the facts and issues in this case is presented for the benefit of the reader. They are not intended to replace, modify, or supplement the findings of the R & R.

Plaintiff filed a two-count complaint in Hillsborough County Circuit Court in December 2005, seeking a declaratory judgment and damages against Defendants on Plaintiff's allegedly valid entitlement to certain life insurance proceeds following the death of her husband (Docket No. 2). Defendants removed the suit to this Court on February 1, 2006 (Docket No. 1), correctly stating that under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461 (ERISA), this Court has original jurisdiction of this claim pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

Following removal, Plaintiff's counsel, E.C. Watkins, Jr. ("Watkins") failed to file any documents in the case or otherwise make an appearance before this Court. On March 31, 2006, this Court granted on the merits Defendants Advanced Auto Parts' and Discount Auto Parts' Joint Motion to Dismiss (Docket No. 16). On April 21, 2006, this Court *sua sponte* issued an Order dismissing this action for failure to prosecute (Docket No. 21) following Plaintiff's failure to respond to this Court's Order to Show Cause (Docket No. 20) and Unum's Motion to Dismiss (Docket No. 18). On April 20, 2007, 364 days after dismissal of the case, Plaintiff, having obtained new counsel, filed the instant Motion for Relief from Judgment/Order pursuant to Rule 60(b), Federal Rules of Civil Procedure.

This Court denied Plaintiff's Rule 60 motion as to Defendants Advanced Auto Parts and Discount Auto Parts because this Court had granted, on the merits, their Joint Motion to Dismiss before dismissing the entire suit (Docket No. 31 at 7). However, as to Defendant Unum, this Court found that it required more evidence on Plaintiff's conduct to determine whether relief pursuant to Rule 60 is warranted. Specifically, this Court noted that Plaintiff's affidavit accompanying her Rule 60 motion offered no evidence of Plaintiff's role, participation, or efforts in the case, and cited the need for more information on Plaintiff's action, (or inaction), beginning with the time the case was removed (Docket No. 31 at 6).[2] This Court's referral Order stated that relief in this case could be premised either upon a finding of excusable neglect under Rule 60(b)(1) or a finding of extraordinary circumstances pursuant to Rule 60(b)(6) (Docket No. 31 at 6).

---

**1.** Rule 72(b), Federal Rules of Civil Procedure, states that within ten days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.

**2.** This Court further stated that of primary importance is whether Plaintiff's timing in filing the instant motion was reasonable under the circumstances (Docket No. 31 at 5–6).

For the purpose of assessing Plaintiff's diligence, therefore, the "relevant time period" is from the date of removal (February 1, 2006) to the filing of the Motion for Relief from Judgment/Order (April 20, 2007). With respect to assessing the extent of Watkins' incapacitation, however, the relevant time period is from the date of removal to the date of dismissal (April 21, 2006).

Accepting as true Watkins' poor health, this Court determined that available relief hinged on evidence of Plaintiff's general diligence after removal. This Court indicated that even if Watkins' conduct failed to constitute excusable neglect under Rule 60(b)(1), this Court could set aside the judgment pursuant to subsection (b) (6) if Plaintiff could show general diligence (Docket No. 31 at 6). At the evidentiary hearing, Plaintiff claimed entitlement to relief pursuant to only Rule 60(b)(6) and affirmatively waived any argument of excusable neglect under Rule 60(b)(1) (Docket No. 36 at 3).

In the instant motion, Plaintiff argues that the April 21, 2006 Order of Dismissal should be vacated because Watkins was mentally incapacitated by severe diabetes from February 2006 to April 2006. During that time, Watkins failed to respond to any filings or make an appearance, resulting in dismissal of the action. Plaintiff maintains that she never authorized Watkins to abandon her case, nor did she have any knowledge of Watkins' inactivity on the case or of his debilitating condition until recently. In support of her argument that Watkins' medical and mental condition rendered him mentally incompetent to handle her case, Plaintiff cites the testimony of John K. Kilgore, M.D. ("Dr. Kilgore") in a Florida Bar Grievance proceeding against Watkins on January 2, 2007 (Docket No. 23–2).

■ This Court, in its referral Order, accepted as true Dr. Kilgore's testimony about Watkins' mental and physical condition in the months immediately preceding dismissal of this case in 2006 (Docket No. 31 at 6).[3] Further, Plaintiff noted that this Court *sua sponte* terminated Watkins from representation in another matter[4] in 2006, after Watkins failed to serve process on a defendant. Defendant's sole argument is that Plaintiff has not met her burden to justify entitlement to the relief she seeks under either Rule 60(b)(1) or (b)(6) (Docket No. 26). Plaintiff correctly points out that denying the instant motion would effectively bar the action because a dismissal for failure to prosecute pursuant to Rule 41, Federal Rules of Civil Procedure, operates as an adjudication on the merits (Docket No. 23–1 at 5). *See Bierman v. Tampa Electric Co.,* 604 F.2d 929, 930–31 (5th Cir.1979).[5]

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

This Court must first determine the standard to be applied in reviewing the Magistrate Judge's findings of fact and law. Under the appropriate standard, this Court must then review: (1) the law the Magistrate Judge followed in recommending granting Plaintiff's Motion for Relief from Judgment/Order (Docket No. 23–1), and (2) the Magistrate Judge's findings in light of the lack of objections.

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of

---

**3.** Dr. Kilgore testified as to Watkins' poor health due to diabetes and overall decline in functional level during the two to three years prior to the January 2, 2007 hearing, which culminated in a life-threatening situation in the summer of 2006 (Docket No. 23–2 at 7, 14–16).

**4.** *See Richter v. Home Depot,* Case No. 8:05–CV–02153, 2006 WL 167938 (M.D.Fla. June 13, 2006) (Docket No. 25).

**5.** Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981).

this Act is found at 28 U.S.C. § 636. A district court judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (i.e. "R & R") for the disposition of motions. 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with a copy of the R & R, any party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1). Section 636(b)(1) also states that a judge of the court shall make a *de novo* determination of those portions of the R & R to which objection is made. *Id.*

Rule 72 of the Federal Rules of Civil Procedure places into practice the powers codified in 28 U.S.C. § 636(b)(1). Rule 72 follows the statutory example and sets forth different provisions for the two types of pretrial matters that can be referred to a Magistrate Judge. The first provision under § 636(b)(1)(A) states in part that a judge may designate a Magistrate Judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. Rule 72(a) refers to the type of a pretrial matter set out in § 636(b)(1)(A) as one that is not dispositive of a claim or defense.

The second provision, under § 636(b)(1)(B), states in part that a district judge may designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations (ie. R & R) for disposition, by a judge, of any motion including those excepted in subparagraph (A). Rule 72(b) refers to the type of a pretrial matter set out in § 636(b)(1)(B) as one that is dispositive of a claim or defense. Here, the Order for Report and Recommendation (Docket No. 31) was referred for an evidentiary hearing under § 636(b)(1)(B).

In *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Court upheld the constitutionality of this provision of the Act. The Court found that Congress adequately protected the Act against an Article III constitutional challenge by subjecting the Magistrate Judge's proposed findings and recommendations to a *de novo* determination by the district judge, who then exercises ultimate authority to issue an appropriate order. 447 U.S. at 682, 100 S.Ct. 2406 (citations omitted). In *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir.1990), the court stated that "the *de novo* review requirement is essential to the constitutionality of section 636." The court further stated that "Section [636](b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the [M]agistrate [Judge]." *Id.* at 512–13 (citing *Hall v. Sharpe,* 812 F.2d 644, 647 (11th Cir.1987)). Accordingly, the *de novo* review is based in a realization that only the district court judge can constitutionally dispose of a matter such as that in the instant case.

The issue of whether the same *de novo* standard of review is applicable to R & R's has been addressed by courts in the Eleventh Circuit. In *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), the court addressed the issue of what standard of review the appellate court would use in reviewing the district court's adoption of a

Magistrate Judge's R & R. In doing so, the court examined what standard of review the district court was required to use in its review. The court in *LoConte* found that there are three different categories of findings reviewable on appeal: (1) findings of fact made by the Magistrate Judge to which the parties did not object;[6] (2) findings of fact made by the Magistrate Judge to which the parties did object with the objections being resolved *de novo* by the district court; and (3) independent findings of fact made by the district court. *Id.* at 749. In reference to the findings stated in category (2), the *LoConte* court also stated that:

> Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. As the use of the phrase *de novo* implies, the district court's consideration of the factual issue must be independent and based upon the record before the court. . . . The factual conclusions reached by the district court are subject only to a "clearly erroneous" standard of review on appeal.

*Id.* at 750 (citations omitted). It is clear that findings by the Magistrate Judge, to which the parties have made timely objections, are subject to *de novo* review by the district court judge.

██ The standard of review applicable under categories (1) and (3), supra, are different from the *de novo* review standard of category (2). When no objections are made to the Magistrate Judge's R & R, the case law seems to indicate that the

district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings.

In *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (en banc), the court stated that if no objections are filed, the judge may accept, reject, or modify, in whole or in part, the findings and recommendations, provided the "magistrate informs the parties that objections must be filed within ten days after service of a copy of the magistrate's report is made upon them." *Id.* at 410. The *Nettles* court further states it is arguable that, when no objections are filed, the parties have accepted the Magistrate Judge's report and have consented to the recommendations. *Id.* at 409. In *LoConte,* the court stated that on appeal there is little practical distinction between the plain error standard of review applicable to unchallenged findings of fact by a Magistrate Judge and the clearly erroneous standard of review relevant to fact findings by the district court. 847 F.2d at 750. Although this Court finds no cases that explicitly state the clearly erroneous standard applies to non-objected to findings by the Magistrate Judge, or additional findings by the district court judge, this Court holds that to be the standard of review.

Because neither party in the instant case filed objections to the R & R despite receiving appropriate notice, the findings made in the Magistrate Judge's R & R are reviewed under the clearly erroneous standard.

---

6. In *Mohammed v. Chevron U.S.A. Inc.,* 738 F.Supp. 1383, 1385 (M.D.Fla.1990), the district court stated that "after objection, the findings of the Magistrate are entitled to be adopted unless they are found to be clearly erroneous." However, in headnote [1], which precedes the reported opinion, the word "after" is changed to the word "absent." Given this conflict, and since the court in *Mohammed* did not cite to any authority contrary, it is assumed that the Mohammed case stands for the proposition reflected in the headnote.

## III. ANALYSIS

### A. Law Followed in Recommending to Grant Relief from Judgment/Order

The Magistrate Judge noted (Docket No. 36 at 8) that a district court has power pursuant to Rule 60(b) to vacate or set aside a judgment "whenever such action is appropriate to accomplish justice," (*Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) (citing *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949))), and, therefore, Rule 60 should be liberally construed. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan.1981) (citations omitted).

■ As stated in the Referral Order for Report and Recommendation (Docket No. 31 at 6), the relevant portions of Federal Rule of Civil Procedure 60(b) provide that upon motion "the court may relieve a party ... from final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) requires a party to demonstrate exceptional circumstances. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir.2001) (citation omitted).

The provisions of Rule 60(b) are mutually exclusive, meaning a movant cannot offer reasons for relief under the Rule 60(b)(6) motion that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)-(5). *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1991) (citation omitted); *United States v. Box 111, Firetower Rd.*, 920 F.2d 788, 791 (11th Cir.1991) (citation omitted); *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir.1986) (citations omitted). Due to this mutual exclusivity and following the referral Order, the Magistrate Judge completed an analysis under both Rule 60(b)(1) and Rule 60(b)(6).

### i. Rule 60(b)(1) Analysis

Timeliness is the threshold consideration under a Rule 60(b)(1) analysis. The Federal Rules of Civil Procedure are clear that a 60(b)(1) motion must be made within one year of judgment. Here, as the Magistrate Judge noted, the Plaintiff's motion was filed 364 days after judgment, within the appropriate timeframe (Docket No. 36 at 2).

■ Although made within the appropriate time, the Magistrate Judge noted that the Plaintiff affirmatively waived any argument of excusable neglect under Rule 60(b)(1) at the evidentiary hearing (Docket No. 36 at 3). The Magistrate Judge further noted that Plaintiff's reliance on her former attorney Mr. Watkins' illness and resulting error or general negligence fails to constitute excusable neglect as intended by Rule 60(b)(1) (Docket No. 36 at 9). *See Box 111 Firetower Rd.*, 920 F.2d at 792 (holding that an attorney's negligence alone does not qualify for such relief) (citations omitted); *Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110, 112 (M.D.Fla.1997) (holding negligence on the part of the attorney does not qualify for such relief) (citations omitted); *Abbey v. Mercedes–Benz of North America, Inc.*, No. 04–80136–CIV, 2007 WL 879581, *1 (S.D.Fla. Mar. 20, 2007) (stating "illness alone is not a sufficient basis for setting aside a judgment") (citation omitted). Because the Plaintiff affirmatively waived a request for relief under Rule 60(b)(1) and relief under the argument of excusable neglect cannot be premised on illness, attorney error, or general negligence even if the affirmative

waiver had not been made, an analysis under Rule 60(b)(1) fails.

### ii. Rule 60(b)(6) Analysis

■ Timeliness is also the threshold consideration under a Rule 60(b) (6) analysis. Rule 60(b) requires that the Motion from Judgment/Order be filed "within a reasonable time" and specifically states that filing within one year is timely for subsections (1)-(3). However, when a Rule 60(b)(6) motion is filed within one year of the judgment and within a reasonable time, timeliness is accomplished as "there is no need to differentiate between the grounds justifying relief." *Seven Elves*, 635 F.2d at 402 n. 3 (5th Cir. Unit A Jan.1981). The Magistrate Judge correctly found that the Plaintiff's Motion for Relief is therefore timely under Rule 60(b)(6) analysis because it was filed within one year of the judgment and within a reasonable time of Plaintiff's learning of the dismissal (Docket No. 36 at 12).

[7] Further analysis under Rule 60(b)(6) requires a review of the Plaintiff's general diligence (Docket No. 31 at 6) rather than a review of her former attorney's actions as under Rule 60(b) (1).[7] The Magistrate Judge noted that because of the mutual exclusivity of Rule 60(b)'s provisions, relief is generally unavailable under subsection (b)(6) for the gross negligence or incompetence of one's attorney[8] (Docket No. 36 at 9). *See Pioneer*, 507

U.S. at 397, 113 S.Ct. 1489 (clarifying that clients who voluntarily choose their attorneys must be held accountable for the acts and omissions of their attorneys); *Solaroll*, 803 F.2d at 1133 (distinguishing line of cases holding that attorney error applied within the scope of subdivision (b)(6) is fundamentally inconsistent with the mutual exclusivity of subsections (b)(1) and (b)(6)).

In reviewing Plaintiff's general diligence, the Magistrate Judge noted that extraordinary circumstances may exist and relief under subsection (b)(6) may be justified if "the party is faultless in the delay" (Docket No. 36 at 10). *Pioneer*, 507 U.S. at 393, 113 S.Ct. 1489; *see also* 12 *Moore's Federal Practice* § 60.48[3][a] (3d ed.2007) (discussing the Supreme Court's distinction between *Klapprott*, in which the Court found extraordinary circumstances, and *Ackermann v. United States*, 340 U.S. 193, 195–197, 71 S.Ct. 209, 95 L.Ed. 207 (1950), in which the Court denied Rule 60 relief, as finding fault or no fault on the part of the movant); *cf. National Credit Union Administration Board. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993) (finding Rule 60(b)(6) relief appropriate because movant had no real knowledge of the proceedings and lack of knowledge not attributable to movant).

■ The Magistrate Judge's recommendation to grant relief under Rule 60(b)(6) resulted from a finding that the Plaintiff was faultless, based on the following find-

---

**7.** Although Defendant concedes Watkins' illness from the time of removal to dismissal of this case, the parties dispute the extent of his incapacitation. As such, this court is precluded from considering only Watkins' conduct in determining whether to grant relief under either subsection (b)(1) or (b)(6) (Docket No. 36 at 9–10).

**8.** There is no doubt that Watkins' conduct in this case went beyond mere negligence in failing to respond to deadlines. Likewise, the present situation does not result from Wat-

kins' ignorance or an inability to manage his caseload. Not only was Watkins ill during the relevant time but he "constructively disappeared" from Plaintiff's case. *See United States v. Cirami*, 563 F.2d 26, 34–35 (2d Cir. 1977) (reversing and remanding for evidentiary hearing under Rule 60(b)(6) because defendants' attorney constructively disappeared due to an alleged psychological disorder and clients made reasonable attempts to contact attorney).

ings of fact: (1) Plaintiff is completely unversed in the law and relied wholly on her attorney for legal advice; (2) Plaintiff, as a recent widow, trusted Watkins because of the personal relationship they shared as members of their church; (3) Plaintiff, after meeting with Watkins and retaining him to represent her against the insurance company, did not worry about a delay in communication because she generally understood that a lawsuit is a lengthy process and she often saw Watkins at church; (4) Plaintiff, after the filing of the lawsuit in December 2005, received the notice of removal to this Court and in the absence of any communication from Watkins attempted to contact Watkins multiple times throughout the summer and fall of 2006; (5) Plaintiff attempted to phone Watkins' office on several occasions, tried to obtain his home telephone number, drove by Watkins' office, and spoke to him at church, asking him to telephone Plaintiff; (6) Plaintiff, after learning in early 2007 that her suit had been dismissed, promptly met with another attorney to evaluate her options; (7) Plaintiff has subsequently worked diligently with her current attorney to reopen the case; (8) Plaintiff's failure to make contact with the courts or Florida Bar regarding the case and her attorney's actions cannot be explained away as indifference or disregard, but rather as inexperience and lack of legal sophistication; and (9) Plaintiff never deliberately decided to delay the litigation (Docket No. 36 at 10–11).

Finally, the Magistrate Judge referenced eight factors (Docket No. 36 at 11–12) established in law to determine if relief is appropriate to accomplish justice under Rule 60(b)(6): "(1) [t]hat final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." *Seven Elves*, 635 F.2d at 402 n. 3 (citations omitted).

Applying these factors to the instant case, the motion was not offered as a substitute for appeal, the motion was made within the reasonable timeframe of one year after judgment, the Plaintiff's claim did not receive consideration on the merits before dismissal, the Plaintiff did not have an opportunity to present her claim at trial, the equities are clearly in favor of the Plaintiff (Docket No. 36 at 12), and the Plaintiff was generally diligent. Accordingly, in order to achieve substantial justice Rule 60(b) should be liberally construed. *Seven Elves*, 635 F.2d at 402.

The Magistrate Judge recommended granting the Motion for Relief from Judgment/Order under Rule 60(b)(6), based on the findings that the Plaintiff filed a timely Rule 60(b) motion, the Plaintiff sufficiently and validly demonstrated general diligence, and the equities weigh in favor of the Plaintiff (Docket No. 36).

### B. Findings in Light of the Objections

Because no objections were filed to the R & R, this Court has reviewed the R & R under the clearly erroneous standard.

## IV. CONCLUSION

This Court has thoroughly reviewed the Report and Recommendation and made an independent review of the available record. Upon due consideration, this Court concurs with the Report and Recommendation. Accordingly, it is

**ORDERED** that the Report and Recommendation (Docket No. 36), dated July 30, 2007, be **ADOPTED;** the Motion for Relief from Judgment/Order be **GRANTED;** the Clerk of Court is **DIRECTED** to reopen this case; the defendant shall have ten days to answer the complaint; and the parties shall meet within thirty days of the date of this Order for the purpose of preparing and filing a Case Management Report and shall file the Case Management Report in forty-five days of this date.

**DONE AND ORDERED.**

### *REPORT AND RECOMMENDATION*

ELIZABETH A. JENKINS, United States Magistrate Judge.

THIS CAUSE is before the court on **Plaintiff's Motion for Relief from Judgment/Order** (Dkt. 23) and **Defendant Unum's Opposition** (Dkt. 26). The district judge referred this matter to the undersigned to conduct an evidentiary hearing and issue a Report and Recommendation (Dkt. 31). *See* 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla. Following a July 12, 2007 evidentiary hearing, the undersigned recommends that Plaintiff's motion be granted as to Defendant Unum Life Insurance Company of America, Inc. ("Unum").[1]

## I. Background

Plaintiff filed a two-count complaint in Hillsborough County Circuit Court in December 2005, seeking a declaratory judgment and damages against Defendants on Plaintiff's entitlement to certain life insurance proceeds following the death of her husband (Dkt. 2). Defendants removed the suit to this court on February 1, 2006 (Dkt. 1).

Following removal, Plaintiff's former counsel, E.C. Watkins, Jr. ("Watkins") failed to file any documents in the case or otherwise make an appearance before the court. On March 31, 2006, the court granted on the merits Defendants Advanced Auto Parts' and Discount Auto Parts' joint motion to dismiss (Dkt. 16). On April 21, 2006, the court *sua sponte* issued an order dismissing this action for failure to prosecute following Plaintiff's failure to respond to the court's Order to Show Cause and Unum's motion to dismiss (Dkt. 21). On April 20, 2007, 364 days after dismissal of the case, Plaintiff, having obtained new counsel, filed the instant motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.

The court denied Plaintiff's Rule 60 motion as to Defendants Advanced Auto Parts and Discount Auto Parts because the court had granted on the merits their joint motion to dismiss before dismissing the entire suit (Dkt. 31 at 7). However, as to Defendant Unum, the court found that it needed more evidence on Plaintiff's conduct to determine whether relief pursuant to Rule 60 is warranted. Specifically, the court noted that Plaintiff's affidavit accompanying her Rule 60 motion offered no evidence of Plaintiff's role, participation, or

---

**1.** In referring this matter to the undersigned, the district court denied Plaintiff's motion for relief from judgment as to Defendants Advanced Auto Parts, Inc. and Discount Auto Parts, Inc. (Dkt. 31). Therefore, this Report and Recommendation addresses Plaintiff's motion only as to Defendant Unum.

efforts in the case, and cited the need for more information on Plaintiff's action, (or inaction), beginning with the time the case was removed (Dkt. 31 at 6).[2]

Accepting as true Watkins' poor health, the court determined that available relief hinged on evidence of Plaintiff's general diligence after removal. The court indicated that even if Watkins' conduct failed to constitute excusable neglect under Rule 60(b)(1), the court could set aside the judgment pursuant to subsection (b)(6) if Plaintiff could show general diligence (Dkt. 31 at 6–7). At the evidentiary hearing, Plaintiff claimed entitlement to relief pursuant to only Rule 60(b)(6) and affirmatively waived any argument of excusable neglect under Rule 60(b)(1).

In the instant motion, Plaintiff argues that the April 21, 2006 judgment should be vacated because Watkins was mentally incapacitated by severe diabetes from February to April 2006. During that time, Watkins failed to respond to any filings or make an appearance, resulting in dismissal of the action. Plaintiff maintains that she never authorized Watkins to abandon her case, nor did she have any knowledge of Watkins' inactivity on the case or of his debilitating condition until recently. In support of her argument that Watkins' medical and mental condition rendered him mentally incompetent to handle her case, Plaintiff cites the testimony of John K. Kilgore, M.D. ("Dr. Kilgore") in a Flori-

da Bar Grievance proceeding against Watkins on January 2, 2007.

■ The district court, in its referral order, accepted as true Dr. Kilgore's testimony about Watkins' mental and physical condition in the months immediately preceding dismissal of this case in 2006 (Dkt. 31 at 6).[3] Further, Plaintiff notes that the court *sua sponte* terminated Watkins from representation in another matter during the same time, April 2006, after Watkins failed to serve process on a defendant. Plaintiff correctly points out that denying the instant motion would effectively bar the action because a dismissal for failure to prosecute pursuant to Rule 41, Federal Rules of Civil Procedure, operates as an adjudication on the merits (Dkt. 23 at 5).[4]

Defendant's sole argument is that Plaintiff has not met her burden to justify entitlement to the relief she seeks under either Rule 60(b)(1) or (b)(6) (Dkt. 26). Defendant admits that it will suffer no prejudice if the court grants the motion because the case has not been tried on the merits. Further, Defendant concedes that Plaintiff has a non-frivolous claim. *See Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110, 112 (M.D.Fla.1997) (citations omitted) (discussing that one prerequisite for a finding of excusable neglect pursuant to Rule 60(b)(1) is that the party have a meritorious claim).

---

2. The district court further stated that of primary importance is whether Plaintiff's timing in filing the instant motion was reasonable under the circumstances (Dkt. 31 at 5–6). For the purpose of assessing Plaintiff's diligence, therefore, the "relevant time period" is from the date of removal (February 1, 2006) to the filing of the motion for relief from judgment (April 20, 2007). With respect to assessing the extent of Watkins' incapacitation, however, the relevant time period is from the date of removal to the date of dismissal (April 21, 2006).

3. Dr. Kilgore testified as to Watkins' poor health due to diabetes and overall decline in functional level during the two to three years prior to the January 2, 2007 hearing, which culminated in a lifethreatening situation in the summer of 2006 (Dkt. 28–2 at 7, 14–16).

4. *See Smith v. Shriner's Hosp. for Children*, No. 8:07–CV–992–T–17MAP, 2007 WL 2002457, *2 (M.D.Fla. July 5, 2007) (citing *Bierman v. Tampa Electric Co.*, 604 F.2d 929, 930–31 (5th Cir.1979)).

## II. Findings of Fact[5]

Following the death of Plaintiff's husband in May 2003 and Unum's refusal to pay what Plaintiff contended were the life insurance proceeds due her,[6] Plaintiff, an office manager at a demolition company, sought legal counsel to assist her with obtaining life insurance proceeds. Plaintiff retained Watkins to represent her because he was a member and deacon of her church. Plaintiff believed Watkins was competent to represent her based on Watkins' reputation with members in their church.

Plaintiff and Watkins met at Watkins' office in September or October 2003 where Plaintiff signed paperwork and Watkins undertook representation of Plaintiff. Plaintiff believed that the lawsuit had been filed in November 2003 after she met with Watkins.

After that initial meeting, no contact occurred between Watkins and Plaintiff until November or December 2004, when Watkins telephoned Plaintiff and invited her to his office to review some paperwork. Plaintiff met with Watkins at his office in January 2005, at which time Plaintiff reviewed not a complaint but rather a summary of the case that Watkins had compiled in letter form.

Thereafter, no contact occurred between Watkins and Plaintiff until December 2005, when the lawsuit was filed. Plaintiff testified that she was unconcerned about the lack of contact because she saw Watkins in church. Further, Plaintiff did not worry about the long delays between contact because she understood, from watching television shows about the law, that a case may not go to court for a year or possibly longer.

In early 2006, Plaintiff received a notice of removal in the mail after Defendants removed the action to federal court. At that time, Plaintiff did not understand the meaning of a notice of removal or that her case had been transferred from state to federal court; Plaintiff testified that, in fact, she still does not understand the difference between state and federal court. Given Plaintiff's background and testimony, the court finds these statements credible.

Throughout the summer months of 2006, Plaintiff attempted to contact Watkins after failing to hear from him regarding her case. After telephoning Watkins' office and finding the phone disconnected, Plaintiff drove to Watkins' office during her lunch break. The office was closed and Watkins' name no longer appeared on the door. In September 2006, Plaintiff telephoned Watkins' office again; the office was apparently open and Plaintiff left two messages for Watkins asking him to return her phone calls. He did not return the calls. Plaintiff unsuccessfully attempted to locate Watkins' home telephone num-

---

**5.** Pursuant to the stipulated facts set forth in the parties' joint evidentiary statement, the parties do not dispute the procedural history of this case (Dkt. 33). Likewise, the parties stipulate to facts concerning Watkins' medical condition. In a Florida Bar Grievance proceeding against Watkins on January 2, 2007, Dr. Kilgore testified as to Watkins' medical and mental condition (Dkt. 33, ¶ 14). Dr. Kilgore's testimony about Watkins' mental and physical condition (before this case was dismissed in April 2006) is accepted as true.

**6.** Prior to his death, Plaintiff's husband participated in a group life insurance program through his employer which had a death benefit of $79,000. Plaintiff's contention was that Defendants offered her husband an opportunity to increase the amount of the death benefit by $100,000, which he accepted and Unum acknowledged. Following Mr. Lender's death, Unum allegedly denied coverage for the additional death benefit. The record is unclear whether Unum has paid Plaintiff any amount of life insurance proceeds to date.

ber through the telephone directory, the church directory, and the internet.

In October and November 2006, Plaintiff saw Watkins at church several times and each time asked Watkins to call her. Plaintiff was reluctant to speak with Watkins at church about her case because Plaintiff felt such discussions were private in nature and inappropriate in a church setting. Watkins never telephoned Plaintiff as she requested. Plaintiff did not attempt to contact the Florida Bar or the Hillsborough County Court when Watkins failed to telephone Plaintiff.

In January 2007, Plaintiff's boss asked Plaintiff to research a court case on the internet involving a property.[7] Successful in that request, Plaintiff then attempted to research her own case against Unum, ultimately discovering a docket report from Hillsborough County Circuit Court revealing that jurisdiction of her case had been transferred to federal court. (Pl.'s Ex. 1). Plaintiff testified that she did not understand what the docket entries meant and showed the report to her daughters and son-in-law to obtain advice on how to proceed. Plaintiff's son-in-law then contacted attorney Teddy Weeks ("Weeks") to review the status of Plaintiff's case.

Plaintiff's son-in-law learned from Weeks that the case had been dismissed in April 2006. Plaintiff's son-in-law then informed Plaintiff that the case had been dismissed. This marked the first time Plaintiff had been told that the court dismissed her case for failure to prosecute. Plaintiff then met with Weeks in February

2007 on the advice of Plaintiff's daughters and son-in-law. Plaintiff was wary of attorneys by this time. During that meeting, Plaintiff presented Weeks with documents that she had previously given to Watkins. Plaintiff testified that she gave Weeks the "go-ahead" to proceed with a case against Watkins and to try to reopen the case against Unum. Plaintiff met with Weeks again in March 2007.

Weeks was in the process of researching Plaintiff's case when Plaintiff's current counsel, J. Troy Andrews ("Andrews"), contacted Plaintiff by telephone on April 18, 2007.[8] Because Plaintiff was eating dinner when Andrews telephoned, Plaintiff asked Andrews to call her the following day at Plaintiff's office. Plaintiff testified that she did not know Andrews and did not want to speak with him at that time. Plaintiff talked with Andrews and Watkins via a three-way telephone conference on April 19, 2007. Watkins advised Plaintiff that she could speak with Andrews about the case. After speaking with Andrews, Plaintiff signed an affidavit and faxed it to Andrews. On April 20, Andrews filed the instant motion to set aside the judgment and supporting affidavit.[9] Subsequently, Plaintiff sent written correspondence to Andrews about the case. (Pl.'s Ex. 2).

From the time Plaintiff initially met with Watkins in the fall of 2003 through April 2007, Plaintiff never knew that Watkins had diabetes or any allegedly incapacitating condition or illness. Specifically, from the time of removal, Plaintiff never instructed Watkins not to file any papers in

---

7. Plaintiff testified credibly that the first time she had ever researched a court case online was in January 2007.

8. Apparently, Watkins requested that Andrews undertake review of Watkins' cases and that is why Watkins called Plaintiff. At the evidentiary hearing, Andrews stated that he had met with his client for the first time that

morning. However, he asserted that he hoped to represent Plaintiff if the case were reopened.

9. Plaintiff testified that attorney Weeks advised her to let Watkins and Andrews proceed with reopening her case.

the case, and always assumed that a jury would try her case. Foremost, Plaintiff never authorized her attorney to abandon the case.

### III. Conclusions of Law

■■■ A district court has power pursuant to Rule 60(b) to vacate or set aside a judgment "whenever such action is appropriate to accomplish justice." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) (citing *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949)). As such, Rule 60 should be liberally construed. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan.1981) (citations omitted).[10]

Rule 60(b)(1) provides that a final judgment may be set aside upon a showing of mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b)(1). Likewise, a final judgement may be set aside pursuant to Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). However, to obtain relief under subsection (b)(6), which is an extraordinary remedy, a party must demonstrate exceptional circumstances. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir.2001) (citation omitted).

■■■ The district court's referral order stated that relief in this case could be premised either upon a finding of excusable neglect under subsection (b)(1) or a finding of extraordinary circumstances pursuant to subsection (b)(6) (Dkt. 31 at 6). To obtain relief from judgment under Rule 60(b)(6), a movant cannot offer reasons for relief that could otherwise be considered under one of the more specific provisions

of Rule 60(b)(1)-(5); in other words, Rule 60(b)(1)-(5) and subsection (b)(6) are mutually exclusive. *See Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1991) (citation omitted); *United States v. Box 111 Firetower Rd.*, 920 F.2d 788, 791 (11th Cir.1991) (citation omitted); *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir.1986) (citations omitted). *But see Seven Elves*, 635 F.2d at 402 n. 3 (noting that, as a practical matter, the court need not differentiate between the grounds justifying relief in subsections (b)(1)-(5) and (b)(6) if the Rule 60(b) motion is brought within one year and within a "reasonable time").

In this circuit, an attorney's error or general negligence fails to constitute excusable neglect under Rule 60(b)(1). *Box 111 Firetower Rd.*, 920 F.2d at 792 (citations omitted); *Ake*, 174 F.R.D. at 112 (citations omitted). Illness alone is also an insufficient basis for setting aside a judgment under subsection (b) (1). *Abbey v. Mercedes–Benz of N. Am., Inc.*, No. 04–80136–CIV, 2007 WL 879581, *1 (S.D.Fla. Mar. 20, 2007) (citation omitted). Further, because of the mutual exclusivity of Rule 60(b)'s provisions, relief is generally unavailable under subsection (b)(6) for the gross negligence or incompetence of one's attorney. *See Pioneer*, 507 U.S. at 397, 113 S.Ct. 1489 (clarifying that clients who voluntarily choose their attorneys must be held accountable for the acts and omissions of their attorneys); *Solaroll*, 803 F.2d at 1133 (distinguishing line of cases holding that attorney error may fall within the scope of subdivision (b)(6) as fundamentally inconsistent with the mutual exclusivity of subsections (b)(1) and (b)(6)).

---

**10.** Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981).

Although Defendant concedes Watkins' illness from the time of removal to dismissal of this case, the parties dispute the extent of his incapacitation.[11] As such, this court is precluded from considering only Watkins' conduct in determining whether to grant relief under either subsection (b)(1) or (b)(6). However, because of the extraordinary circumstances presented here, the court should invoke its equitable powers to grant relief pursuant to subsection (b)(6).

Extraordinary circumstances may exist and relief under subsection (b)(6) may be justified if "the party is faultless in the delay." *Pioneer*, 507 U.S. at 393, 113 S.Ct. 1489; *see also* 12 *Moore's Federal Practice* § 60.48[3][b] (3d ed.2007) (discussing the Supreme Court's distinction between *Klapprott*, in which the Court found extraordinary circumstances, and *Ackermann v. United States*, 340 U.S. 193, 195–197, 71 S.Ct. 209, 95 L.Ed. 207 (1950), in which the Court denied Rule 60 relief, as finding fault or no fault on the part of the movant); *cf. Nat'l Credit Union Admin. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993) (finding Rule 60(b)(6) relief appropriate because movant had no real knowledge of the proceedings and lack of knowledge not attributable to movant).

There is no doubt that Watkins' conduct in this case went beyond mere negligence in failing to respond to deadlines. Likewise, the present situation does not result from Watkins' ignorance or an inability to manage his caseload. Not only was Watkins ill during the relevant time but he "constructively disappeared" from Plaintiff's case. *See United States v. Cirami*, 563 F.2d 26, 34–35 (2d Cir.1977) (reversing and remanding for evidentiary hearing under Rule 60(b)(6) because defendants' attorney constructively disappeared due to an alleged psychological disorder and clients made reasonable attempts to contact attorney).

Given her experience and background, Plaintiff made reasonable attempts to contact Watkins. Plaintiff, completely unversed in the law and relying wholly on her attorney for legal advice, was generally diligent in pursing her case. As a recent widow, Plaintiff trusted Watkins because of the personal relationship they shared as members of their church. After meeting with Watkins and retaining him to represent her against the insurance company, Plaintiff did not worry about a delay in communication because she generally understood that a lawsuit is a lengthy process and she often saw Watkins at church.

After the filing of lawsuit in December 2005, Plaintiff received the notice of removal in the absence of any communication from Watkins; Plaintiff then attempted to contact Watkins multiple times throughout the summer and fall of 2006. Plaintiff attempted to phone Watkins' office on several occasions, tried to obtain his home telephone number, drove by Watkins' office, and spoke to him at church, asking him to telephone Plaintiff. Once Plaintiff learned in early 2007 that her suit had been dismissed, Plaintiff promptly met with another attorney to evaluate her op-

---

11. Dr. Kilgore's testimony that he observed a gradual but severe decline in Watkins' health in the two to three years prior to the grievance proceeding is not conclusive of Watkins' alleged incapacitation from the date of removal to the date of dismissal. *Compare Benjamin v. Lockhart*, No. 94–3020, 1996 WL 44197, *3 (E.D.La. Feb. 2, 1996) (citation omitted) (recognizing that debilitating illness which precludes all participation in the litigation may constitute compelling reason for relief under Rule 60(b)(6)) *with Russell v. Henderson*, No. 98–399–CIV–T–17B, 1999 WL 1052512, *3, 1999 U.S. Dist. LEXIS 17844, *6 (M.D.Fla. Nov. 8, 1999) (finding no evidentiary support for Plaintiff's contention that his illness created an inability to confer with his attorney for nineteen months).

tions and has subsequently worked diligently with her current attorney to reopen the case.

This is "an extraordinary situation which cannot be fairly or logically classified as mere neglect" (or, as Defendant argues, lack of interest in the case) on Plaintiff's part. *Pioneer*, 507 U.S. at 393, 113 S.Ct. 1489. Contrary to Defendant's argument, Plaintiff's failure to contact the state or federal court about her case status or the Florida Bar about Watkins' conduct during the relevant time period cannot be explained away as indifference or disregard, but rather as inexperience and lack of legal sophistication. Moreover, Plaintiff never deliberately decided to delay the litigation. *Cf. J.D. Pharm. Distrib., Inc. v. Save–On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir.1990) (analyzing defendant's deliberate refusal to answer requests for admissions in the context of excusable neglect under Rule 60(b)(1)).

Finally, the former Fifth Circuit, in *Seven Elves*, discussed factors to be considered before ruling on a Rule 60(b) motion, including: "(1) [t]hat final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merits in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." *Seven Elves*, 635 F.2d at 402.

Here, not only did Plaintiff bring the instant motion within one year of the final judgment, but the motion was made within a reasonable time after Plaintiff learned of the dismissal and consulted counsel regarding her options. Defendant admits that no prejudice would result in reopening the action as the case has not been tried on the merits. A fair opportunity to present her claim has not been afforded Plaintiff. Moreover, Defendant acknowledges that Plaintiff has a non-frivolous claim. Thus, the equities here clearly weigh in favor of Plaintiff.[12]

For the foregoing reasons, the court finds that Plaintiff offers sufficient and valid reasons, which amount to extraordinary circumstances, for her failure to respond to the motions and court orders prior to the dismissal of the case. Specifically in regard to Rule 60(b)(6), otherwise known as the "catch-all" provision, the Eleventh Circuit has recognized its "grand reservoir of equitable power to do justice in a particular case." *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir.1992) (internal quotation marks and citations omitted). Accordingly, "the liberal spirit of Rule 60(b) together with the basic policy favoring resolution of litigation on the merits provides support for granting [Plaintiff] Rule 60(b) relief." *Benjamin*, 1996 WL 44197 at *4.

Upon consideration, it is **RECOMMENDED** that:

---

12. *However, nothing in this Report and Recommendation should be construed as exoner-* ating Watkins' handling of Plaintiff's case.

(1) Plaintiff's Motion for Relief from Judgment/Order (Dkt. 23) be **GRANTED** and the case reopened as to Defendant Unum.