UNITED STATES of America,
Plaintiff–Appellee,

v.

REAL PROPERTY AND RESIDENCE LOCATED AT ROUTE 1, BOX 111, FIRETOWER ROAD, SEMMES, MOBILE COUNTY, ALABAMA, Defendant,

Nell Loper Crabtree,
Claimant–Appellant.

No. 89–7194
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 1991.

Robert F. Clark, Clark, Deen & Copeland, P.C., Mobile, Ala., for claimant-appellant.

J.B. Sessions, III, U.S. Atty., Gloria A. Bedwell, Asst. U.S. Atty., for plaintiff-appellee.

Before TJOFLAT, Chief Judge,
CLARK, Circuit Judge, and HILL, Senior
Circuit Judge.

CLARK, Circuit Judge:

This case concerns first, whether the bond accompanying a claimant's complaint as required by the judicial forfeiture procedures of 21 C.F.R. § 1316.76 (1988) and 19 C.F.R. § 162.47 (1988) is a cost bond or a penal bond; and second, whether the government may obtain post judgment relief under F.R.C.P. 60(b) when it failed to request costs as part of the forfeiture judgment. Because we find that the relevant regulations and governing statutes (except in extraordinary circumstances) require only a cost bond and that the district court applied the wrong rule in granting post judgment relief, we reverse the district court and remand for return of the cost bond to the claimant.

## BACKGROUND

Prior to July 10, 1986, the Drug Enforcement Agency (DEA) commenced an administrative forfeiture proceeding following its seizure of the defendant's real property based upon allegations that claimant Nell Loper Crabtree used it to facilitate her drug distribution business. On or about July 10, 1986, Crabtree submitted to the DEA a claim and cost bond pursuant to 21 C.F.R. § 1316.76(b) to suspend the government's administrative forfeiture proceeding against her property. Record, Vol. I at Tab 3. A cashier's check in the amount of $2,500 was deposited as a cost bond when Crabtree's complaint was filed. The entire matter was then transferred to the U.S. Attorney's Office pursuant to 21 C.F.R. § 1316.789, which requires such transfer once the agency conducting the administrative forfeiture action receives a claim and a satisfactory bond. On October 2, 1986, the U.S. Attorney filed a judicial in rem forfeiture action. The district court granted the United States' motion for summary judg-

ment and on December 30, 1987 entered a final judgment in the forfeiture action which included a paragraph stating "No costs are taxed in this matter." On August 9, 1988, the United States filed a motion requesting release of Crabtree's cost bond to the United States Marshal. On February 17, 1989, the district court, interpreting the United States' request as a Rule 60(b)(6) motion, granted the motion and awarded the United States the entire sum of the bond on the theory that it was a penal bond subject to forfeiture if the property claimed was forfeited. This appeal followed. At no time did the government move to tax costs.

## ISSUES PRESENTED

Crabtree asserts that the district court erred in awarding the entire amount of the bond to the United States. First, she claims that the statute requires only a cost bond and consequently that the court should, at a minimum, award her the balance remaining from the bond amount offset by the appropriate costs. Second, she claims that the United States' failure to request costs as part of the judgment and its eight-month delay before filing a motion for additional relief are both inexcusable. Furthermore, she asserts the motion for release of the cost bond to the government is time barred as it was brought after the time allowed for an appeal. Crabtree concludes, therefore, that she should recover the entire amount of the cost bond.

## DISCUSSION

I. The Nature of the Forfeiture Bond

■ Property used to facilitate illegal drug transactions is subject to forfeiture under 21 U.S.C.A. § 881 (1981 & Supp. 1989). Section 881(d) of that statute incorporates the seizure, forfeiture and related provisions of the U.S. Customs Statute, 19 U.S.C.A. §§ 1602–1618 (1981 & Supp.1989). For the purposes of this case, the operative statute states in part: "Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $5,000 or 10% ... conditioned that in case of condem-

nation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation...." 19 U.S.C.A. § 1608. Although the face amount of the bond is a "penal" sum, the statute clearly places only the costs of the condemnation proceeding at risk.

In addition to the above statute, two sets of regulations instruct us in our analysis: (1) those regulations promulgated by the Customs Service pursuant to 19 U.S.C.A. § 1608; and (2) those promulgated by the Drug Enforcement Agency (DEA) pursuant to 21 U.S.C.A. § 881 and 19 U.S.C.A. § 1608. Like the governing statute, the Customs regulations also require that a "bond in the penal sum of ... be filed with a claim for seized property." 19 C.F.R. § 162.47(b). However, those regulations also state, in a subparagraph entitled "Bond for costs," that the mere posting of a bond "shall not be construed to entitle the claimant to possession of the property. Such action only stops the summary forfeiture proceeding." Nowhere in that subsection is Customs authorized to recover the penal sum of the bond if the property is forfeited.

The district court relied on another subsection to allow the United States to recover the penal sum of the bond. In its February 17, 1989 order, the district court quoted from the regulation as follows: "The Government is entitled to recover the penal sum of the bond if forfeiture is [so] decreed." Citing 19 C.F.R. § 162.49(b). However, the district court failed to quote that subsection in its entirety. Taken from the beginning, it states in pertinent part: "[w]hen a claimant desires to file a bond for the *release* of seized property ... [t]he government is entitled to recover the penal sum of the bond if forfeiture is *then* de-

creed." *Id.* (emphasis added). The district court erred in applying this regulatory provision to the case at bar.

Perhaps the most convincing evidence that the bond in this case is a cost bond rather than a penal bond comes from the regulations which govern the DEA itself. That regulation states: "The bond posted to cover costs may be in cash.... The costs and expenses secured by the bond are such as are incurred after the filing of the bond including storage cost, safeguarding, court fees, marshal's costs, etc." 21 C.F.R. § 1316.76(b). Nowhere does this regulation, the one specifically drafted to apply to drug related forfeitures, refer to the forfeiture bond as a penal bond. Finally, in both the United States' "Motion for Release of the Cost Bond" and its "Memorandum Brief" in support of that motion, the United States asked for a release of the bond only to cover the costs of the proceedings. Thus, even the United States thinks it is entitled to recover only the costs of the forfeiture proceedings, and not the penal sum of the bond.

To adopt the view of the United States Attorney would sanction the imposition of a penalty on any person who simply seeks to challenge a forfeiture proceeding.[1] The government would thereby exact two penalties: first, forfeiture of the property itself; and second, forfeiture of the claimant's bond solely for taking a view contrary to the one which was ultimately successful. The statutes and regulations are facially clear; the proper view is that the bond in this case is a cost bond and is at risk only to the extent of the cost of the forfeiture proceedings.[2] Therefore, the Claimant should receive any balance remaining from the bond after the United States has been afforded the opportunity to prove costs as provided in 21 C.F.R. § 1316.76(b).

---

1. The insistence by the United States Attorney that the bond here is governed by 19 C.F.R. § 162.49(b) is very troubling.

2. The Immigration and Naturalization Service (INS) statute 8 U.S.C.A. § 1324 (1970 & Supp. 1989) also invokes the Custom Service's statute relating to forfeiture. The INS regulations, like the DEA's, consistently refer to the judicial forfeiture bond as a cost bond. *See* 8 C.F.R.

§ 274.10 (1988). *See also Gonzales v. Rivkind,* 858 F.2d 657, 658–59 (11th Cir.1988) (referring to the bond required to invoke the judicial forfeiture proceeding as a "cost bond"). *Accord Epps v. Bureau of Alcohol Tobacco & Firearms,* 375 F.Supp. 345, 349 (E.D.Tenn.1973), *aff'd* 495 F.2d 1373 (6th Cir.1974) (concluding same about the bond provision in forfeiture statute governing firearms, 26 U.S.C.A. § 7325 (1989)).

## II. Post Judgment Relief

■ Having determined that the government is limited to recovering its costs under the scenario presented by this case, we must now decide whether the government's motion for release of the bond filed August 9, 1988 and its brief in support filed January 25, 1989, may be considered as a motion for relief from a final judgment pursuant to Fed.R.Civ.P. 60(b) and to tax costs pursuant to Fed.R.Civ.P. 54(d).[3] In its final judgment filed December 30, 1987, the district court ruled "No costs are taxed in this matter." Rule 54(d) states: "... costs shall be allowed as of course to the prevailing party unless the court otherwise directs; ...." Here the court otherwise directed in its final judgment. Nevertheless, the court later awarded the costs to the government pursuant to Fed.R.Civ.P. 60(b)(6).

■ The district court erred in relying on F.R.C.P. 60(b)(6) as a basis for granting the United States' motion for post judgment relief. That part of Rule 60(b) applies only to cases that do not fall into any of the other categories listed in parts (1)–(5) of Rule 60(b). *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). This result is evident from the Rule's language and structure.

> [T]he very cast of the Rule and the language of clause (6) indicate that this residual clause is dealing with matter not covered in the preceding five clauses. Further, the maximum time limitation of one year that applies to clause (1), (2) and (3) would be meaningless, if after the year period had run the movant could be granted relief under clause (6) for reasons covered by clauses (1), (2) and (3).

7 J. Moore, *Moore's Federal Practice,* ¶ 60.27, at 60–266 (2d. ed. 1987) (citing *Klapprott*). *See also Solaroll Shade and Shutter v. Bio-Energy Systems,* 803 F.2d 1130, 1133 (11th Cir.1986) (concluding that Rule 60(b)(6) and Rule 60(b)(1) are mutually exclusive). From the categories available under Rule 60(b), the United States' failure to request costs as part of the judgment can only be classified as a mistake, inadvertence or neglect.

We decide that the government waived its right to file a motion to tax costs in the face of a final judgment which states that no costs would be taxed. Rule 59(e) permits a litigant to move the court to alter or amend a judgment within ten days.[4] Rule 60(b)(1) permits a litigant to move the court within a reasonable time not to exceed one year for relief from a final judgment. Additionally, we have held that "[a] final judgment under Rule 60(b) is any judgment that is an appealable order." *Solaroll Shade & Shutter v. Bio-Energy Systems,* 803 F.2d 1130, 1131 (11th Cir.1986). Thus, the government's only avenue of relief, if any exists, lies under Rule 60(b)(1).

■ The government's motion as a Rule 60(b)(1) motion fails for two reasons. First, the motion is time barred because it was brought after the time allowed to perfect an appeal. Rule 54(d) allows the prevailing party to recover costs as a matter of course. However, in this case, the district court determined that neither party was to recover costs. Since the district court's judgment is contrary to the Rule governing costs, if the court erred at all, it

---

**3.** Although the government characterized its motion as a Rule 60(b) motion for release of the cost bond, this court is not bound by the nomenclature a party attaches to a post trial motion. A court may "conduct an independent determination of what type of motion was before the district court." *Livernois v. Medical Disposables, Inc.,* 837 F.2d 1018, 1020 (11th Cir. 1988). Rule 59(e) applies to motions to alter or amend some substantive aspect of the judgment; whereas Rule 60(b)(1) applies to collateral matters. *Finch v. City of Vernon,* 845 F.2d 256, 258 (11th Cir.1988).

**4.** A motion to change a judgment respecting costs is generally not characterized as a motion to alter or amend a judgment under Rule 59(e). *Buchanan v. Stanships,* 485 U.S. 265, 268–70, 108 S.Ct. 1130, 1132, 99 L.Ed.2d 289 (1988); *Alimenta, Inc. v. Anheuser–Busch, Inc.,* 803 F.2d 1160, 1162–63 (11th Cir.1986). *Cf. Budinich v. Becton,* 486 U.S. 196, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988) (concluding that an undecided issue of attorney's fees, an element of costs, does not suspend finality for purposes of appeal pursuant to 28 U.S.C. § 1291). In any event, the government's motion clearly comes too late to satisfy the rigors of Rule 59(e).

erred as to a matter of law. The courts and commentators have superimposed an additional limit on parties seeking relief from judicial errors of law under Rule 60(b); such a motion must be brought within the time allowed to perfect an appeal. *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir.1982); *Oliver v. Home Indemnity Co.*, 470 F.2d 329, 330–31 (5th Cir.1972); 7 J. Moore, *Moore's Federal Practice*, ¶ 60.22[4], at 60–195 (2d ed. 1987).

The government's motion under Rule 60(b)(1) also fails because the government has not shown that the equities of this case warrant our reopening this final judgment. Rule 60(b) is a remedial rule that "should be liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A 1981). This concern is most compelling when the court has not reached the merits of the case. *Solaroll*, 803 F.2d at 1132. In the instant case, the government contends that its failure to move earlier than eight months after the district court entered judgment was excusable. The government premises its excuse on the fact that it did not realize that the claimant had filed a cost bond. This totally misses the point. Since the judgment included the statement that no costs were to be taxed, the government was on notice from the time of the judgment that it was not entitled to costs. The fact that the government was unaware that the claimant had filed a cost bond is irrelevant. Thus, the question confronting this court is whether the government's failure to attack the final judgment as to costs is excusable. We conclude that it is not.

Our decision is reinforced by the fact that the government's *proffered* excuse fails to make out a case which warrants relief under Rule 60(b). We note that the regulations governing this case make it clear that the U.S. Attorney's office generally gets involved only in cases where a claimant has filed a claim and posted a bond to secure costs. *See* 21 C.F.R. § 1316.76(a) (1989), 19 C.F.R. § 162.47(d) (1988). The U.S. Attorney is then tasked with filing a condemnation proceeding in the district court. Absent the existence of some rather narrow exceptions, the fact that the U.S. Attorney is involved necessarily means that a claimant has filed a cost bond. The government asserts that new Department of Justice guidelines adopted after this case was filed require that all real property forfeitures be initiated judicially and that therefore, it is not usual procedure to pursue the cost bond in those cases. However, the requirement that a claimant file a cost bond to contest the forfeiture proceeding remains part of the regulations. *See* 21 C.F.R. § 1316.76(a) (1989). In this context, the fact that a claimant has appeared to contest the judicial proceeding should be adequate notice that a cost bond exists. Finally, we note that the U.S. Attorney's letter forwarding the cost bond to the district court clerk is part of the file.

We recognize that final judgments should "yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Seven Elves*, 635 F.2d at 401. However, attorney negligence or oversight is rarely grounds for relief. *Solaroll*, 803 F.2d at 1132; 7 J. Moore, *supra*, ¶ 60.22[2], at 60–179. We conclude that the U.S. Attorney's failure to understand the implications of the district court's judgment and lack of familiarity with both the Justice Department's regulations and the file cannot, even under the most liberal construction, qualify for relief under Rule 60(b).

The judgment of the district court with respect to costs is REVERSED and the funds belonging to Mrs. Crabtree being held in the registry of the court shall be returned to her.