[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15588
Non-Argument Calendar

_____

D. C. Docket No. 03-00086-CV-OC-10GRJ

JANICE BRADFORD,

Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 14, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

The district court denied Janice Bradford's Federal Rule of Civil Procedure

60(b) motion for relief from judgment, in a case in which the court, in 2004, denied her claim – brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.– that UNUM Life Insurance Company of America ("UNUM") wrongly denied her demand for insurance benefits.  She now appeals the court's Rule 60(b) ruling.[1]

In her brief to us, Bradford argues that the district court erred by affecting her right to receive long-term disability and life insurance, in accepting inadmissible evidence in rendering its summary judgment decision in 2004, and in refusing to consider the new claims her motion presented.  She also objects to: (1) the court's failure to address the deficiencies in the settlement agreement process; (2) the court's failure to acknowledge her new evidence; (3) the court's assertion that it lacked jurisdiction; (4) her "attorney's abandoning" her; and (5) the whole process being "flawed and tainted with abuses of discretion."

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion.  Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir 2001). Rule 60(b) provides:

[T]he court may relieve a party . . . from a final judgment, order, or

---

[1]  Bradford appealed the court's 2004 decision, but the parties subsequently reached a settlement agreement, which included a release, and we dismissed the appeal.  Two years later, Bradford filed the Rule 60(b) motion at hand, alleging new claims and disagreeing with the district court's 2004 decision.

proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The rule further provides that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Relief under the last portion of Rule 60(b)(5) is unavailable because it is limited to judgments that have a prospective effect, as compared to those that offer "a present remedy for a past wrong." Cook v. Birmingham News, 618 F.2d 1149, 1152 (5th Cir. 1980). Additionally, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984), and applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)," United States v. Real Property and Residence Located at Route 1, Box 111, Firetower Road, Semmes, Mobile County, Ala., 920 F.2d 788, 791 (11th Cir. 1991). The Rule 60(b) movant carries a heavy burden to show that the circumstances were sufficiently extraordinary to warrant relief. Cano v. Baker,

3

435 F.3d 1337, 1342 (11th Cir.), <u>cert. denied</u>, 127 S.Ct. 387 (2006). Additionally, the movant may not attack the underlying judgment in a Rule 60 motion, but rather, must do so on appeal. <u>Jackson v. Seaboard Coast Line R. Co.</u>, 678 F.2d 992, 1021 (11th Cir. 1982).

Because, as to Rule 60(b)(2),(3), Bradford's motion was filed more than one year after final judgment, it was time-barred. Additionally, as noted above, the judgment she challenges did not provide for prospective relief, so Rule 60(b)(5) was inapplicable. Next, to the extent that her motion fit under Rule 60(b)(6), she failed to allege any extraordinary circumstances to meet her heavy burden of justifying relief.[2]

AFFIRMED.

---

[2] Finally, to the extent Bradford's motion seeks to litigate new claims or grievances, Rule 60(b) provides no avenue for relief.