[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13278
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-02536-CV-CC-1

EDWARD LORENZO REASE,

Plaintiff-Appellant,

versus

AT&T CORP.,
COMMUNICATIONS WORKERS OF AMERICA,

Defendants-Appellees,

VALERIE BALLOWE,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 21, 2009)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Edward Lorenzo Rease, proceeding pro se, appeals the district court's denial of his Fed.R.Civ. P. 60(b) ("Rule 60(b)") motion to re-open his previously dismissed employment discrimination action against his former employer, AT&T Corp. ("AT&T"), his former union, Communications Workers of America ("CWA"), and a managerial employee of AT&T, Valerie Ballowe, in which he alleged violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12102, and various Georgia statutes. The district court construed Rease's claims under Rule 60(b)(1)-(3) and denied his motion to reopen as untimely because the dispositive order had been entered over six years before the motion to reopen was filed. Rease argues on appeal that the district court abused its discretion by construing his motion under Rule 60(b)(1)-(3) and, accordingly, finding that his motion was untimely. After careful review, we affirm.

We review the denial of a Rule 60(b) motion for abuse of discretion. Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). Generally, we will not consider an argument not raised in the district court. F.D.I.C. v. Verex Assurance, Inc., 3 F.3d 391, 395 (11th Cir. 1993).

Rule 60(b) motions allow a party to be relieved from a judgment due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). The time requirement for the filing of a Rule 60(b) motion allows for a filing within a "reasonable time," or for reasons in Rule 60(b)(1), (2), and (3), within one year of judgment. Fed.R.Civ.P. 60(c). A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275-76 (11th Cir. 2008) (quotation omitted).

Rule 60(b)(5) justifies relief if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5). Relief under Rule 60(b)(5) due to inequity is limited to judgments that have prospective effect, as compared to those that offer "a present remedy for a past wrong." Cook v. Birmingham News, 618 F.2d 1149, 1152 (5th Cir. 1980) (quotation omitted).[1]

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all former Fifth Circuit decisions issued before October 1, 1981.

3

Rule 60(b)(6) permits a judgment to be set aside for "any other reason" that justifies relief. Fed.R.Civ.P. 60(b)(6). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that, "absent such relief, an extreme and unexpected hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quotations omitted). Even under exceptional circumstances, the decision of "whether to grant the requested relief is a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quotation and ellipsis omitted). "The appellant's burden on appeal is heavy." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). The defendant "must demonstrate a justification so compelling that the [district] court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation omitted). Further, relief under Rule 60(b)(6) applies only to cases that do not fall into any of the other provisions of Rule 60(b). United States v. Route 1, Box 111, Firetower Rd., 920 F.2d 788, 791 (11th Cir. 1991).

The district court did not abuse its discretion in denying Rease's Rule 60(b) motion. To the extent that Rease's motion was premised on Rule 60(b)(1)-(3), his motion was time-barred because he filed it more than six years after the relevant judgment. Fed.R.Civ.P. 60(c)(1). In addition, there has been no claim that the

4

district court's order was void, and thus, Rule 60(b)(4) inapplicable. Fed.R.Civ.P. 60(b)(4). And as for Rease's claim that Rule 60(b)(5) applies because "improper dispositive orders" have been reversed, otherwise vacated, or it would be inequitable to enforce the prospective application of the order, his argument is unavailing. As CWA notes, there is no indication in the record that any of the identified orders have been reversed or vacated.

Rease also is not entitled to relief under Rule 60(b)(6). First, Rease cannot rely on Rule 60(b)(6) to obtain relief on grounds that AT&T and its attorneys perpetrated a fraud on the court or that there is new evidence, because a court considers claims premised on fraud or the existence of new discovered evidence under Rule 60(b)(3) and Rule 60(b)(2), respectively. Route 1, 920 F.2d at 791. Rease also cannot obtain relief under Rule 60(b)(6) by alleging that new cases changed the law. None of the cases he cites would have impacted the district court's judgment, as they either clarified law existing at the time Rease filed his complaint or were inapplicable to him.

In any event, even if Rease had satisfied the substantive requirements of Rule 60(b)(5) or Rule 60(b)(6), he has not identified any circumstances which might have justified his six-year delay in filing the motion to reopen. BUC Int'l Corp., 517 F.3d at 1275 (instructing courts to consider the proffered reason for

5

failing to take swifter action). Given his lack of diligence in filing the motion and his failure to provide an explanation for the delay, Rease has not demonstrated that his motion was filed within a reasonable time.

Finally, Rease's suggestion that his motion could have been construed as a motion to "entertain an independent action to relieve a party from a judgment, order, or proceeding" brought pursuant to Rule 60(d) likewise fails. He made no argument to this effect before the district court, and in fact, expressly identified his motion as brought under Rule 60(b). S.E.C. v. Diversified Corp. Consulting Group, 378 F.3d 1219, 1227 (11th Cir. 2004). Accordingly, we affirm.

**AFFIRMED.**