[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10379
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00861-MSS-KRS


ANESH GUPTA,

Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,
SECRETARY, US DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR OF CITIZENSHIP AND IMMIGRATION SERVICES,
FIELD OFFICE DIRECTOR ORLANDO FIELD OFFICE,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, USCIS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 24, 2014)

Before TJOFLAT, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Anesh Gupta, proceeding pro se, appeals the district court's order denying his motion filed pursuant to Federal Rule of Civil Procedure 60(d)(3), in which he sought relief from an order dismissing his case for lack of subject matter jurisdiction. Because Gupta cannot meet his burden to establish that the dismissal was obtained through a fraud on the court under Rule 60(d)(3) or that he is entitled to have his filing recast as a Rule 60(b)(6) motion, we affirm.

## I.

This appeal arises out of Gupta's efforts to avoid deportation. In May 2010, Gupta sought declaratory relief from the government's denial of his application to adjust his immigration status to lawful permanent resident. On January 18, 2011, the district court concluded that it lacked subject matter jurisdiction over Gupta's suit and so granted the government's motion to dismiss, which this Court affirmed. Gupta v. U.S. Att'y Gen. et al., 439 F. App'x 858, 860–61 (11th Cir. 2011). On November 19, 2012, Gupta filed a motion to set aside the dismissal under Rule 60(d)(3). His motion alleged that the government committed a fraud on the court by presenting false evidence and withholding other evidence that was pertinent. The district court denied this motion, noting that Gupta "failed to present clear and convincing evidence of fraud on the court" and that the "allegations and evidence

2

presented by [Gupta] do not show that [the government's] conduct improperly influenced this Court's decision to dismiss [his] complaint." Gupta now asks us to reverse that denial.

## II.

## A.

We first address whether the district court erred in its denial of Gupta's Rule 60(d)(3) motion, a decision we review for an abuse of discretion, see Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012). Rule 60(d)(3) permits a litigant to obtain relief from a final judgment or order if the movant can show "fraud on the court." Fed. R. Civ. P. 60(d)(3). It has long been the law of this Circuit that fraud on the court must be established by clear and convincing evidence.[1] Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (quoting United States v. Int'l Tel. & Tel. Corp., 349 F. Supp. 22, 29 (D. Conn. 1972), aff'd without opinion sub nom. Nader v.

---

[1] In this regard, Gupta's challenge to the district court's application of this standard rather than a preponderance of the evidence standard is without merit.

3

United States, 410 U.S. 919, 93 S. Ct. 1363 (1973)).[2] The mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court. Id. Instead, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision" to set aside a judgment under Rule 60(d)(3). Id. (internal quotation marks omitted).

The district court did not abuse its discretion in finding that Gupta had not presented clear and convincing evidence of fraud sufficient to warrant setting the judgment aside under Rule 60(d)(3). Gupta's allegation that the government presented a perjured affidavit is at best tenuously supported by the documents Gupta presented to the district court, and the remainder of the allegedly fraudulent conduct amounts to mere nondisclosure.

Even if there had been sufficient evidence to demonstrate a fraud on the court, the district court did not err in requiring proof that the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246–47, 64 S. Ct. 997, 1001 (1944) (permitting a judgment to be set aside for fraud on the court where the fraud, whether or not the "primary basis" for the ruling, at the very least "did impress the Court"), overruled on other grounds by Standard Oil Co. of Cal.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

v. United States, 429 U.S. 17, 97 S. Ct. 31 (1976).[3]  Because the fraud allegations are unrelated to the underlying determination that the court lacked subject matter jurisdiction, the district court did not abuse its discretion by denying the Rule 60(d)(3) motion.

B.

Gupta also argues that the district court erred when it failed to liberally construe his Rule 60(d)(3) motion as a Rule 60(b)(6) motion.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (noting that courts must liberally construe pleadings made by pro se litigants).  We disagree.

A district court's discretion to construe Rule 60(b) motions is somewhat limited, because Rule 60(b)(6) is an appropriate basis for relief only for those cases that do not fall into one of the other provisions of Rule 60(b).  United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala., 920 F.2d 788, 791 (11th Cir. 1991).  Indeed, it is an abuse of the district court's discretion to rely on Rule 60(b)(6) to grant relief for conduct more appropriately challenged under another subsection of Rule 60(b).  Id.; Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480, AFL-CIO, 460 F.2d 105, 108 (5th Cir. 1972) ("Where either Clauses (b) (1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained

---

[3] For the same reasons, Gupta's remaining challenge to the Rule 60(d)(3) ruling—that he was legally entitled to an evidentiary hearing—is without merit.

pursuant to Clause (b) (6)."); see also United States v. Cooper, 485 F. App'x 411, 415 (11th Cir. 2012) ("Although a Rule 60(b)(6) motion can be filed 'within a reasonable time,' Cooper's claim of new evidence of fraud cannot be brought under (b)(6)'s catch-all provision because it falls under either (b)(2) or (b)(3).").

At least one reason for this limitation is that motions brought under subsections (1), (2), and (3) of Rule 60(b) are subject to a strict one-year statute of limitations. In contrast, claims brought under the remaining subsections, including Rule 60(b)(6), are not subject to such a strict deadline. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); see also Real Prop. & Residence, 920 F.2d at 791 ("Further, the maximum time limitation of one year that applies to clause (1), (2) and (3) would be meaningless, if after the year period had run the movant could be granted relief under clause (6) for reasons covered by clauses (1), (2) and (3)." (quoting 7 J. Moore, Moore's Federal Practice, ¶ 60.27, at 60-266 (2d ed. 1987)). Gupta's status as a pro se litigant does not exempt him from this procedural rule. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." (citation and quotation marks omitted)).

6

The district court would have abused its discretion here if it had construed Gupta's Rule 60(d)(3) motion as one brought under Rule 60(b)(6).  Liberally construed, Gupta's motion alleges conduct within the ambit of Rules 60(b)(2) and (3).  See Fed. R. Civ. P. 60(b)(2) (permitting relief if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"); id. 60(b)(3) (permitting relief if there is "fraud . . . misrepresentation, or misconduct by an opposing party").  Indeed, Gupta's case illustrates precisely the concern this Court highlighted in Real Property & Residence when we explicitly limited a district court's discretion to grant relief under Rule 60(b)(6).  See 920 F.2d at 791.  To grant him relief under Rule 60(b)(6) would entirely circumvent the timing restrictions on Rule 60(b)(2) and (3) motions, for he brought his motion more than one year after the order he challenged.  Because the district court would have abused its discretion had it obliged the request Gupta now makes, see id., it did not err in the first instance by failing to do so.

For these reasons, we **AFFIRM** the district court's denial of Gupta's motion for reconsideration.

7