[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11804
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cv-00829-MSS-KRS

SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

NORTH AMERICAN CLEARING, INC., et al.,

Defendants,

RICHARD L. GOBLE,

Defendant-Appellant.

_____

No. 14-15826
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cv-00829-MSS-KRS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

SECURITIES INVESTOR PROTECTION CORPORATION,

Movant-Appellee,

versus

NORTH AMERICAN CLEARING, INC., et al.,

Defendants,

RICHARD L. GOBLE,

Defendant-Appellant.

_____

No. 15-10599
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cv-00829-MSS-KRS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

PETER J. ANDERSON,
SUTHERLAND ASBILL & BRENNAN, LLP,
KEITH JERROD BARNETT,
MICHAEL K. FREEDMAN,
OLGA GRENBERG,

Interested Parties-Appellees,

SECURITIES INVESTOR PROTECTION CORPORATION,

Intervenor,

versus

NORTH AMERICAN CLEARING, INC., et al.,

Defendants,

RICHARD L. GOBLE,

Defendant-Appellant.

_____

No. 15-10937
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cv-00829-MSS-KRS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee

versus

NORTH AMERICAN CLEARING, INC., et al.,

Defendants,

RICHARD L. GOBLE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(July 18, 2016)

3

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Richard L. Goble appeals the district court's entry of a new permanent injunction, the denial of his second Fed. R. Civ. P. 60(b) motion for relief from the new injunction, the denial of his Rule 60(b) motions for relief from a receivership order and a protective decree under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the denials of his renewed motion for leave to sue under the *Barton*[1] doctrine and his motion for reconsideration in the Securities Exchange Commission's ("SEC") civil enforcement action alleging violations of the Securities Exchange Act of 1934 ("Exchange Act").  On appeal, Goble argues that the district court abused its discretion in issuing a new permanent injunction.  He also asserts that the district court abused its discretion in denying his second Rule 60(b) motion for relief from the new injunction.  Additionally, Goble contends that the district court abused its discretion by denying his Rule 60(b) motions for relief from the receivership order and the SIPA protective decree.  Finally, he argues that the district court abused its discretion by denying his renewed *Barton* motion and his motion for reconsideration of the denial of the renewed *Barton* motion.

---

[1]    *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881).

I.

We review a district court's grant of injunctive relief for abuse of discretion and will affirm unless the district court made a clear error of judgment. *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1333 (11th Cir. 1996). In order to demonstrate entitlement to injunctive relief, the SEC must demonstrate "(1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." *SEC v. Calvo*, 378 F.3d 1211, 1216 (11th Cir. 2004). Factors that courts consider to determine whether there is a reasonable likelihood that the wrong will be repeated include:

> the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of the conduct, and the likelihood that the defendant's occupation will present opportunities for future violations.

*Id*. (quotation omitted).

Rule 65(d) provides that "[e]very order granting an injunction . . . must . . . describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d). An injunction must be written so that those enjoined will know exactly what conduct the court has required or prohibited. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1223 (11th Cir. 2000). As such, "[i]t is well-established in this circuit that an

5

injunction demanding that a party do nothing more specific than obey the law is impermissible." *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) (quotation omitted).  However, we have acknowledged that "a broad, but properly drafted injunction, which largely uses the statutory or regulatory language may satisfy the specificity requirement of Rule 65(d) so long as it clearly lets the defendant know what he is ordered to do or not do." *SEC v. Goble*, 682 F.3d 934, 952 (11th Cir. 2012).  Furthermore, we have recognized that §§ 15(c)(3) and 17(a) and Rules 15c3-3 and 17a-3 thereunder are not vague because the rules set forth specific compliance criteria.  *Id*. at 951.

The district court did not abuse its discretion by granting the SEC's motion for a new permanent injunction that is based on Goble's violation of Rule 15c3-3, the Customer Protection Rule (requiring a Reserve Account for the protection of the broker's customers), and his violation of Rule 17a-3 (requiring certain specific record-keeping).  *See SunAmerica Corp.*, 77 F.3d at 1333.  The SEC made an ample demonstration of previous violations of §§ 15(c)(3) and 17(a) of the Exchange Act.  *See Calvo*, 378 F.3d at 1216.  As to whether there is a reasonable likelihood that the wrong will be repeated, the district court considered the egregiousness of Goble's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, and Goble's recognition of the wrongful nature of his conduct.  Our prior determination that Goble's conduct did not violate § 10(b)

of the Exchange Act did not affect the district court's analysis of these factors relied on by the district court in that the grant of injunctive relief. *See Goble*, 682 F.3d at 943-46; *see also SunAmerica Corp.*, 77 F.3d at 1333. Indeed, we expressly acknowledged the violations of the Customer Protection Rule, Rule 15c3-3, and the books and records provision, Rule 17a-3. *Goble*, 682 F.3d at 946-47. Moreover, unlike the obey-the-law injunction which we set aside in *Goble*, 682 F.3d at 952, the new injunction complied with Rule 65(d) because it specifically described the acts required and restrained. *See* Fed. R. Civ. P. 65(d).

## II.

We generally only review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). To demonstrate an abuse of discretion, the appellant "must demonstrate a justification so compelling that the court was required to vacate its order." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation omitted). We generally construe *pro se* briefs liberally. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Rule 60(b)(2) allows a court to grant relief from a final judgment due to newly discovered evidence which, by due diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). The moving party must meet the following five-part test: (1) the

7

evidence must be newly discovered since the trial; (2) the movant used due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

The time requirement for the filing of a Rule 60(b) motion allows for a filing within a "reasonable time," or for reasons in Rule 60(b)(1), (2), and (3), within a year of judgment. Fed. R. Civ. P. 60(c)(1). Importantly, "the fact that the rule itself imposes different time limits on motions under Rule 60(b)(6) and 60(b)(1)-(3), has led to the conclusion that the grounds specified under the first five subsections will not justify relief under subsection (6)." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 n.3 (5th Cir. Unit A Jan. 1981).[2] In other words, relief under Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)," *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.,* 920 F.2d 788, 791 (11th Cir. 1991).

The district court did not abuse its discretion by denying Goble's second Rule 60(b) motion for relief from the new permanent injunction. *See Am. Bankers*

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Ins. Co. of Fla.*, 198 F.3d at 1338.  The court properly determined that Goble's motion was untimely filed.  In the motion, Goble referred to the bankruptcy court's ruling and the evidence that supported the ruling as new evidence, cited Rule 60(b)(2), and discussed at length the factors for relief based on newly discovered evidence under Rule 60(b)(2).  Although *pro se* filings should be liberally construed, the district court could not construe Goble's motion as a motion for Rule 60(b)(6) relief because Rule 60(b)(2) provided coverage for his claim.  *See Timson*, 518 F.3d at 874; *see also Real Prop.*, 920 F.2d at 791.  Because Goble's motion was filed for the reasons set out in Rule 60(b)(2), he was required to file it within one year of the injunction.  *See* Fed. R. Civ. P. 60(c)(1).  However, the district court issued the injunction in April 2013, and Goble did not file the instant motion until January 2015. [3]

Similarly, the district court did not abuse its discretion by denying Goble's Rule 60(b) motions for relief from the receivership order and SIPA protective decree because the motions were untimely filed.  *See Am. Bankers Ins. Co. of Fla.*, 198 F.3d at 1338.  In the motions, Goble referred to new evidence, cited Rule 60(b)(2), and discussed at length the factors for relief based on newly discovered evidence under Rule 60(b)(2).  The district court could not construe Goble's

---

[3]    Moreover, the evidence concerning the financial status of Goble's own company, upon which he bases his Rule 60(b) motion, could not be new evidence, previously unavailable to Goble.

motions as Rule 60(b)(6) motions because Rule 60(b)(2) provided coverage for his claims. *See Real Prop.*, 920 F.2d at 791. Because Goble's motions were filed for the reasons set out in Rule 60(b)(2), he was required to file it within one year of the issuance of the challenged orders. *See* Fed. R. Civ. P. 60(c)(1). However, the district court appointed a receiver in May 2008, and it entered the protective decree in July 2008, but Goble did not file the instant motions until September and October 2014.

## III.

Although we have never determined the standard of review for a challenge to the denial of a *Barton* motion, other Circuits that have considered the issue review a lower court's ruling on a *Barton* motion for an abuse of discretion. *See In re McKenzie*, 716 F.3d 404, 422 (6th Cir. 2013); *In re VistaCare Grp., LLC*, 678 F.3d 218, 224 (3d Cir. 2012); *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *In re Kashani*, 190 B.R. 875, 886 (9th Cir. BAP 1995); *In re Beck Indus., Inc.*, 725 F.2d 880, 889 (2d Cir. 1984).

"It is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton*, 104 U.S. at 128. We have explained that "[w]ithout the requirement . . . , trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and

this will make the administration of the bankruptcy laws more expensive." *Carter v. Rodgers*, 220 F.3d 1249, 1252-53 (11th Cir. 2000) (quoting *In re Linton*, 136 F.3d at 545). We have included attorneys and investigators hired by a trustee as among those actors who cannot be sued without the plaintiff first obtaining leave of the bankruptcy court. *Lawrence v. Goldberg*, 573 F.3d 1265, 1269-70 (11th Cir. 2009).

In *Barton*, the Supreme Court recognized that the doctrine does not apply to acts a trustee performs in excess of his authority. *Barton*, 104 U.S. at 134. We have held that "court-appointed receivers . . . enjoy judicial immunity for acts within the scope of their authority . . . [which] extends to carrying out faithfully and carefully the orders of the appointing judge," and that, by analogy, court-appointed bankruptcy trustees are entitled to absolute quasi-judicial immunity where they act "under the supervision and subject to the orders of the bankruptcy judge." *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985) (holding that a receiver was immune from a suit alleging defamation, conversion, and embezzlement arising out of the course of administering the receivership); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. Unit A Mar. 1981). To afford protection, such orders must be facially valid. *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). "'Facially valid' does not

11

mean 'lawful.'  An erroneous order can be valid" for purposes of immunity.  *Id.* at 556 (citation omitted).

There is also a statutory exception to the *Barton* doctrine for suits based on acts committed in "carrying on the business connected with" the bankruptcy estate. 28 U.S.C. § 959(a).  We have noted that this exception is limited and the common situation in which it applies is a negligence claim in a slip-and-fall case.  *Carter*, 220 F.3d at 1254.  The exception does not apply where the acts complained of were either aspects of or necessarily incident to the administration or liquidation of the bankrupt estate.  *Id.*

We review the district court's denial of a motion to alter or amend a judgment pursuant to Rule 59 for abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact.  *Id*.  A Rule 59(e) motion cannot be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

The district court did not abuse its discretion by denying Goble's renewed *Barton* motion.  The findings of the bankruptcy court did not demonstrate that the receivership order or the protective decree was improperly issued.  Accordingly, the receiver acted within the scope of his authority by consenting to NACI's

12

liquidation, and the bankruptcy trustee acted within the scope of his authority by carrying out the liquidation process. *See Prop. Mgmt. & Invs., Inc.*, 752 F.2d at 602; *see also Boullion*, 639 F.2d at 214. The statutory exception in § 959(a) does not apply because Goble sought to raise claims based on the receiver's reports and consent to the protective decree, and the trustee's continued participation in the liquidation process, and these actions were incident to the administration and liquidation of NACI. *See Carter*, 220 F.3d at 1254. The district court also did not abuse its discretion by denying Goble's Rule 59(e) motion because the motion reiterated arguments that were previously rejected by the court and discussed evidence that was available prior to the district court's ruling on the renewed *Barton* motion. *See Jacobs*, 626 F.3d at 1344.

For the foregoing reasons,[4] the judgment of the district court is

**AFFIRMED.**

---

[4]    Other arguments raised on appeal by Goble are rejected as being without merit. For example, although Goble claims that the testimony of Ward and Blatman in later Bankruptcy proceedings was inconsistent with their testimony in the bench trial – i.e., although Goble claims that the Ward / Blatman testimony upon which the district court relied in issuing the new injunction was unreliable – we disagree. We agree with the district court in Document 318 that there is no substantial inconsistency.

13