[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17384
Non-Argument Calendar
_____

D.C. Docket No. 5:02-cv-00204-WTH-PRL

SHOLAM WEISS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 24, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sholam Weiss, a federal prisoner proceeding pro se, appeals from the district

court's order denying his Federal Rule of Civil Procedure 60(b) motion to set aside

a final judgment in his habeas corpus proceedings under 28 U.S.C. § 2241.  Years

ago, Weiss was charged with 78 counts of wire fraud, money laundering, and obstruction of justice arising out of the failure of the National Heritage Life Insurance Company. Before the jury finished deliberating, Weiss fled the country. The jury convicted him in absentia on all counts, and in 2000, the district court sentenced him to a total of 845 years' imprisonment. Weiss was eventually apprehended in Austria, and after extensive extradition negotiations, Austria agreed to extradite Weiss on all counts except Count 93, the obstruction count. Thereafter, the government moved the district court to resentence Weiss without Count 93, noting that the "principle of specialty" prohibited punishment of a fugitive for any crimes for which he had not been extradited. The district court denied the motion, holding that it lacked jurisdiction to modify Weiss's sentences.

In July 2002, Weiss filed a motion for relief under 28 U.S.C. § 2241, arguing that the Austrian government had extradited him in reliance on the United States' misrepresentations that he would be entitled to a full re-sentencing after Count 93 was removed from his conviction, and, then, a plenary appeal of his convictions and total sentence. In 2009, the district court determined that it would consider evidence concerning Austria's expectations as to the relief Weiss should be granted in light of Austria's refusal to extradite on Count 93. The evidence included a translated copy of a June 2008 correspondence from the Austrian government explaining, inter alia, that Austria had expected the extradition to result in "the

assessment of a new sentence."  Ultimately, the district court granted Weiss's §
2241 petition, in part, by eliminating Count 93, reentering a new sentence without
Count 93, and imposing an 835-year, rather than an 845-year, total sentence.  We
affirmed.  Weiss v. Yates, 375 F. App'x 915, 917 (11th Cir. 2010) (unpublished).

In 2016, Weiss filed the present motion in his § 2241 proceedings, seeking
relief from the district court's 2009 judgment under Rule 60(b).  With the motion,
Weiss provided a 2016 diplomatic letter from the Austrian government, claiming it
"clarified" Austria's expectation that Weiss would receive a full resentencing
without the obstruction count.  Weiss argued that the district court had misread the
2008 Austrian correspondence when it concluded in 2009 that Austria's
expectations would be satisfied if it simply removed the sentence on that count.

In this appeal, Weiss argues that the district court improperly construed his
motion as relying on Rule 60(b)(2)'s "newly discovered evidence" provision,
under which it was untimely, and that the motion instead fell under the "any other
reason" provision of Rule 60(b)(6).  After thorough review, we affirm.

We review the denial of a motion for relief from judgment under Federal
Rule of Civil Procedure 60(b) for abuse of discretion.  Howell v. Sec'y, Fla. Dep't
of Corrs., 730 F.3d 1257, 1260 (11th Cir. 2013).  Rule 60(b) allows a district court
to relieve a party from a final judgment for multiple reasons, several of which are
expressly enumerated in Rule 60(b)(1)-(5).  Fed. R. Civ. P. 60(b).  Included in

3

these expressly enumerated reasons is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 60(b)(6), in turn, allows the district court to grant relief for "any other reason" in addition to those expressly listed in subsections (1) through (5). Fed. R. Civ. P. 60(b)(6). A Rule 60(b)(2) motion relying on newly discovered evidence must be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). By contrast, Rule 60(b)(6) motions are not subject to the one-year limitations period, and only have to be made within a "reasonable time." Id.

A habeas petitioner who seeks relief under Rule 60(b)(6) must prove "extraordinary circumstances" justifying the reopening of a final judgment. Howell, 730 F.3d at 1260. In other words, a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000). And even if that showing is made, the question of "whether to grant the requested relief is . . . a matter for the district court's sound discretion." Id. It is not enough, on appellate review, that the grant of a Rule 60(b) motion was permissible or warranted; rather, the denial of the motion must have been sufficiently unwarranted as to amount to an abuse of discretion. Cano v. Baker, 435 F.3d

4

1337, 1342 (11th Cir. 2006).    The movant must therefore "demonstrate a justification so compelling that" vacation of the judgment was required.  Id.

We've held that Rule 60(b)(6) relief is inappropriate where the case falls into one of the other categories listed in subsections (1)–(5) of Rule 60(b).  United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala., 920 F.2d 788, 791 (11th Cir. 1991) ("Firetower Rd.").  In Firetower Rd., we held that the district court erred in relying on Rule 60(b)(6) in granting post-judgment relief because the case fit within Rule 60(b)(1)'s mistake, inadvertence, or neglect umbrella.  Id.; see also Solaroll Shade & Shutter v. Bio–Energy Sys., 803 F.2d 1130, 1133 (11th Cir. 1986) ("[T]his Court consistently has held that [Rules] 60(b)(1) and (b)(6) are mutually exclusive.").

In Klapprott v. United States, the Supreme Court applied Rule 60(b)(6) to a situation in which a petitioner, wrongfully imprisoned during denaturalization proceedings, had been unable to interpose in those proceedings and became subject to a default judgment.  335 U.S. 601, 602-03, 607-08 (1949).  The Court rejected the argument that his Rule 60(b) motion relied on "excusable neglect" and that he could not avail himself of the "any other reason" clause of Rule 60(b)(6), concluding that his "allegations set up an extraordinary situation which [could not] fairly or logically be classified as mere 'neglect.'"  Id. at 613.  In other words, the motion did not rely on the "excusable neglect" provision of Rule 60(b).  Id.

5

Here, the district court did not abuse its discretion in denying Weiss's motion to reopen the final judgment in his 28 U.S.C. § 2241 habeas proceedings. For starters, the district court correctly construed the motion as relying on Rule 60(b)(2)'s "newly discovered evidence" provision. The new communications from Austrian officials constituted evidence of the Austrian government's expectations for Weiss's extradition and the results thereof. We've specifically held that Rule 60(b)(6) relief is inappropriate when the motion fits into one of the grounds listed in subsections (1)–(5). Firetower Rd., 920 F.2d at 791; Solaroll Shade, 803 F.2d at 1133. Unlike Klapprott, where the petitioner's situation was so extraordinary that his failure to interpose could not be classified as mere neglect, 335 U.S. at 613, the 2016 correspondence, while unique, was still evidence concerning a question expressly decided in the underlying final judgment, based on extensive evidence provided by both parties. Because the motion fell more naturally under the "newly discovered evidence" provision, Rule 60(b)(6) could not be used to justify relief. Firetower Rd., 920 F.2d at 791. Accordingly, Weiss's motion was properly construed as falling under Rule 60(b)(2), and it failed because it was brought more than one year after the entry of judgment in this case. See Fed. R. Civ. P. 60(c)(1).

But even if Weiss's motion falls under Rule 60(b)(6), the district court arguably considered it under that rule, and did not abuse its discretion in denying it. As the record shows, the district court expressly said that the 2016 Austrian

6

correspondence would "do nothing more than create an apparent conflict" with the June 2008 communications, and that there was no just cause to set aside the final judgment. And if we were to assume that Rule 60(b)(6) relief was possible or warranted, nothing in the record would suggest that the denial of the motion was so "unwarranted as to amount to an abuse of discretion" or that Weiss's justification was so compelling that vacation of the judgment was required. Cano, 435 F.3d at 1342. In Klapprott, the petitioner's wrongful imprisonment prevented him from defending himself in his denaturalization proceedings, 335 U.S. at 602-03, 607-08; here, however, Weiss has had the full opportunity to litigate the issue of Austria's understanding of the conditions of extradition, both in the district court and in this Court on appeal. Moreover, Weiss obtained relief -- Count 93 was removed from the judgment, his total sentence was recalculated, and the court allowed him to pursue a direct appeal of his criminal convictions and sentences in Weiss I. Accordingly, Weiss has had ample opportunity to seek justice in this case, and the record does not show that the district court abused its discretion in denying his post-judgment motion under either Rule 60(b)(2) or Rule 60(b)(6).[1]

**AFFIRMED.**

---

[1] We note that Weiss originally designated, in his notice of appeal, the denial of his motion to reconsider the order denying his Rule 60(b) motion, but his appellate brief focuses solely on the denial of his motion for relief from judgment and contains no express argument regarding the denial of the motion to reconsider. Accordingly, Weiss has abandoned any claim with respect to the denial of his motion to reconsider. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).